FRANK STRONSKY, Plaintiff, Appellant, v. WILLIAM A. HICKMAN et al, Defendants, Appellees.

**Opening Road: INJUNCTION:** *Estoppel by failure to appeal.* Plaintiff, on notice of a petition to establish a new road over his land, filed his claim for damages. Upon final hearing the supervisors ordered the road to be established, and fixed the amount of plaintiff's damage. No appeal was taken, and the damages were paid to the auditor for plaintiff's use, and the road ordered opened, whereupon plaintiff sought to enjoin the proceedings upon the ground that the opening of the road would necessitate the removal of some of his buildings, and be contrary to Code, section 1487. *Held* that, although the statute required the owner's consent before the buildings could be removed, plaintiff was estopped from denying that he had consented to the opening of the road.

OBJECTIONS: *Time for filing.* Code, section 1487, provides that no road shall be established so as to cause the removal of any building without the owner's consent. Section 1493 provides for the fixing of a date before which all objections to the establishment of a road shall be filed; and section 1495 provides that written notices shall be served upon each abutting land owner, requiring him to file all his objections before the day fixed, and upon failure to do so, such road will be established without reference therto. *Held*, that where a land owner received the notice required, but failed to file any objection, the board of commissioners was justified in ordering the road opened, regardless of his subsequent objection that it would cause the removal of his building.

*Appeal from Woodbury District Court.*—HON. F. R. GAY-
NOR, Judge.

SATURDAY, JANUARY 25, 1902.

ACTION in equity to enjoin the opening of a public road
ordered established by the board of supervisors of Wood-
bury county. The district court dismissed the petition, and
plaintiff appeals.—*Affirmed.*

*Lohr, Gardner & Lohr* for appellant.

*Henderson & Fribourg* for appellees.

WEAVER, J.—The plaintiff is the owner of an 80-acre
farm in Woodbury county. A public highway, established
and open for many years, crosses the premises in a diag-
onal direction near the southwest corner, cutting off from
the main body of the farm a triangular-shaped lot of about
two acres. This lot plaintiff uses as a cattle and hog yard,
and has thereon a barn, corncribs, well and other conven-
iences; the barn and cribs standing within a few feet of the
west line of the premises. Certain citizens having
petitioned the board of supervisors to establish a
new road beginning at the point where the old road
crosses plaintiff's west line, and running thence south a dis-
tance of about a mile, a commissioner was duly appointed
to examine and report upon the expediency of the proposed
road. The report of the commissioner being favorable,
notice was properly given by the auditor of the day when
the matter would be acted upon, and before which all ob-
jections to the establishment of the road and all claims for
damages must be filed. Acting upon this notice, plaintiff
appeared, and filed a claim for damages in the sum of
$1,500. Appraisers were appointed, who reported upon
plaintiff's claim, awarding him $25. Upon the final hearing
the board of supervisors ordered the road established and
fixed the amount of plaintiff's damages according to the ap-

praisement. No appeal was taken from the action of the board. The damages, as allowed, were paid to the auditor for plaintiff's use, and the road ordered opened. The only objection now raised to the action of the board of supervisors in ordering the establishment of the road is that, if carried into effect, it will necessitate the removal of appellant's barn and corncrib, and that such order, having been made without his consent, is void, under the provisions of the statute (Code, section 1487). Appellees, upon their part, aver that appellant had due notice of the proceedings to establish the road; that he made no objection thereto on the grounds now urged by him, but appeared, and, with full knowledge of how the opening of the road would affect his premises, presented this claim for damages; and having thus induced the petitioners for the road to incur the expense of appraising and paying the damages found to be due, must be held to have consented to the establishment of the road, and is now estopped to deny such consent.

I.    It cannot be said that the board was without jurisdiction of the subject-matter. The statute authorized the supervisors to establish the road, even though it required the removal of buildings, providing only that in such instance the consent of the owner must be had. The preliminary steps—the petition, appointment of commissioners, report, notices to adjacent owners, etc.—were regular, and the single inquiry is whether plaintiff can now be heard to say he did not give his consent, and that the final order is therefore of no effect. Plaintiff is of foreign birth, and cannot read the English language, but he evidently understands its use sufficiently for the transaction of ordinary business. It is quite clear that he knew of the proposition to establish the road, and understood the import of the notices served upon him, for he appeared before the auditor; and, while saying that the road would be a great injury to him, and he did not want it, he did not file any objections to its establishment, but did file his claim for

damages. He may not have had a clear conception of his legal rights,—may not even have known of the statutory provision now relied upon,—but there was nothing to prevent his consulting counsel and obtaining proper advice, had he cared so to do. It was not necessary that his consent to the road should be in writing (*People v. Goodwin,* 5 N. Y. 568), and, if his conduct was such that consent may reasonably be inferred or implied, it is sufficient. The law gave him the option of two courses: He could file his objections on the ground that the road would require the removal of his buildings, and thus defeat entirely the proposed establishment or he could permit the establishment to proceed, and file his claim for the resulting damages. He chose the latter alternative, and, having had his claim for damages adjudicated by the proper tribunal, and having failed to appeal therefrom, he cannot be permitted to return to the starting point, and say he does not consent, *Lionberger v. Pelton,* 62 Neb. 252 (86 N. W. Rep. 1067); *Davis* v. *Boone County,* 28 Neb. 837 (45 N. W. Rep. 249).

II. It will be further observed that the same statute which provides that a road shall not be established "so as to cause the removal of any building without the owner's consent" also provides (section 1493, Code) for the fixing of the date before which "all objections to the establishment" of the road as well as all claims for damages shall be filed. It is further provided (section 1495, Code) that written notice be duly served, as in the case of original notices, upon each abutting landowner, requiring him before the day fixed to file "all his objections" to the road with the auditor, and upon failure so to do "such road will be established without reference thereto." The appellant was duly served with such notice. He was then, if we may use that expression, "in court." The fact that the road would cause the removal of his barn was a proper objection to its establishment, if he saw fit to make it. It was not an objection to the jurisdiction of the board, but it was more in the na-

ture of a defense upon the merits,—a plea in bar. If, notwithstanding such defense, the board persisted in establishing the road, then appeal or certiorari, as the case may be, would have afforded him an efficient remedy. Having failed to comply with the notice and file his objections, the board was justified in ordering the establishment "without reference thereto."

The judgment of the district court is AFFIRMED.