[No. 10667. Department Two. April 28, 1913.]

CARPENTER-McNEIL INVESTMENT COMPANY, *Appellant*, v. THE CITY OF SPOKANE, *Respondent*.[1]

EMINENT DOMAIN—JUDGMENT — CONCLUSIVENESS—RES JUDICATA. Under Rem. & Bal. Code, § 7820, providing that the compensation for property taken or damaged by a city may be determined by condemnation proceedings after the property was taken or damaged, the damages are not limited to those which might have been ascertained in advance of the improvement; hence a judgment therein is *res judicata* and a bar to a subsequent recovery for damages to abutting property by reason of negligence in making the improvement, which was, or might have been, litigated in the condemnation proceedings.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 1, 1912, upon granting a nonsuit, dismissing an action for damages for removal of lateral support. Affirmed.

*Morrill, Chester & Skuse*, for appellant.

*H. M. Stephens* and *Bruce Blake*, for respondent.

ELLIS, J.—This action was brought to recover damages caused by the alleged removal of lateral support of property belonging to plaintiff abutting upon Main avenue, in the city of Spokane, in the course of the improvement of that street

[1]Reported in 131 Pac. 823.

by the city.  By ordinance passed in 1893, the grade of Main·
avenue was established in front of the property in question.
The street was not graded to that grade, and on the 21st day
of June, 1910, a new grade was established and the street was
graded, sidewalked, parked and curbed to conform to that
grade.  The work was done by contract.  On the 8th day of
June, 1911, when the work was practically completed, the
plaintiff filed a claim against the city for damages to its
property by reason of the manner in which the work was done.
On the 19th day of July, 1911, the city having taken no ac-
tion in the premises, this action was instituted to recover the
damages.

On October 31, 1911, the city, in pursuance of an ordi-
nance passed on the 26th of October, commenced suit in
condemnation for the purpose of ascertaining the damages
to property abutting upon Main avenue by reason of the
change of grade of that street.  The plaintiff in this action
was a party to the condemnation suit, and its property in-
cluded therein.  It appeared in that action by the same at-
torneys who represent it in this, and the trial resulted in a
verdict of no damage to its property.  Judgment was entered
accordingly on the 22d day of January, 1912, and no appeal
was ever prosecuted therefrom.  The plaintiff thereafter
pressed the present suit, which had lain dormant throughout
the condemnation proceedings.  The city filed an amended
answer in which, among other things, it set up as an affirma-
tive defense the judgment entered in the condemnation suit
as *res judicata*.  The action was tried on June 27, 1912.  The
plaintiff's evidence and offers of evidence were all directed to
proof of damages to its property caused by the manner in
which the grading was done, the faulty and insecure construc-
tion of a retaining wall in front of the property, the probable
cost of reconstructing the wall, and a loss of rents incident to
interference with access to its property.  The defendant in-
troduced in evidence the petition, verdict and judgment in
the condemnation suit.  Both parties having rested, the de-

fendant moved for a dismissal of the action. The motion was granted, judgment of dismissal was entered, and the plaintiff appealed.

The appellant concedes that if the damages sought to be recovered in this action are such as were, or could have been, taken into consideration in the condemnation proceedings, then the judgment in that action is *res judicata* of the issues in this. It contends, however, that inasmuch as the ordinance, pursuant to which the action for condemnation was brought, contemplated the fixing of damages to the appellant's property and other properties abutting upon the street, caused by the change of grade, and provided that such damages should be paid by special assessment against the property benefited thereby, the damages resulting from the manner in which the work was done were not within the issues nor determinable in that action. The contention is based upon the provision of § 16, art. 1 of the state constitution, and upon two sections of the statute conferring upon cities the power of eminent domain and governing the manner of its exercise.

If we have correctly caught the appellant's argument, it is this: that since the constitution provides that: "No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner," and since the statute (Rem. & Bal. Code, § 7768), authorizes cities to take or damage property for street purposes, the making or change of grades, or other public use, "after just compensation having been first made or paid into court for the owner," and since the statute (Rem. & Bal. Code, § 7769), which directs the initiation of condemnation proceedings by ordinance and authorizes the payment of the damages by special assessments, further provides "that no special assessment shall be levied under authority of this act, except when made for the purpose of streets, avenues, alleys, or highways or alterations thereof or changes of the grade therein or other im-

provements in or adjoining the same," therefore, the issue in the condemnation action could only include damages which could be anticipated and ascertained in advance of the actual performance of the work of changing the grade, and only damages the payment for which could be assessed against the abutting property benefited by the change of grade. Appellant's conclusion is that damages resulting from the manner in which the work was done are not damages which could be ascertained and paid in advance, and are not damages which could be paid by special assessment, and hence are not damages which could have been considered and determined in the condemnation suit. We believe that the foregoing fairly presents the appellant's position. If it is sound, this case does not fall within the rule announced in *Compton v. Seattle*, 38 Wash. 514, 80 Pac. 757, and *Johnson v. Spokane*, 72 Wash. 298, 130 Pac. 341. If it is not sound, then the rule in those cases is decisive of this, and the court committed no error in dismissing the action.

If the statutory provisions cited by the appellant were the only provisions on the subject, there would be much force in the argument. There is, however, another section of the statute (Rem. & Bal. Code, § 7820), which we conceive was enacted to meet just such cases as that here presented. It reads as follows:

"If any city has heretofore taken or shall hereafter take possession of any land or other property, or has damaged or shall hereafter damage the same for any of the public purposes mentioned in this act, or for any other purpose within the authority of such city or town, without having made just compensation therefor, such city or town may cause such compensation to be ascertained and paid to the persons entitled thereto by proceedings taken in accordance with the provisions of this act, and the payment of such compensation and costs as shall be adjudged in favor of the persons entitled thereto in such proceedings shall be a defense to any other action for the taking or damaging of such property."

This section can have no other purpose than the determination of damages after the taking or damaging of the property. It does not limit the damages recoverable in an action so brought to those which might have been anticipated in advance of the taking or damaging. Where the work incident to the change of grade or other improvement of the street, which may have caused damage to private property, has already been performed at the time the suit in condemnation is commenced, it is obvious that under this section an action thereafter brought to ascertain the damages puts in issue all such damages, whether resulting from things which might have been anticipated before the work was commenced or from the manner in which the work was done and only ascertainable after the work was completed. As we have seen, the work here in question, for the alleged faulty performance of which the appellant in this action seeks damages, was all performed prior to the commencement of the condemnation suit. The appellant was a party to that suit and appeared therein. It was incumbent upon the appellant to set up in that suit all damages which it claimed by reason of the physical change of grade, and all damages which it claimed resulted from the manner in which that work was done. Whether damages resulting from an improper performance of the work of changing the grade may be assessed against the property benefited by the change is a question with which we are not here concerned. That is a question in which the owners of the property to be assessed are alone interested, and it can only be determined in an action involving the validity of the assessment when made. It can have no bearing upon the question of compensation for the taking or damaging of the appellant's property. It was the right and duty of the appellant to set up and prove all damages which it claimed to have suffered in the condemnation action. The judgment in that action is therefore conclusive upon the same issue which is presented in the present

action. The defense of *res judicata* was properly sustained. This action was properly dismissed.

The judgment is affirmed.

MOUNT, FULLERTON, MAIN, and MORRIS, JJ., concur.