[No. 10734. Department Two. June 3, 1913.]

George Grosshoff *et al.*, *Respondents*, v. The City of Spokane, *Appellant.*[1]

Judgment — Bar — Res Judicata—Matters Concluded. A judgment upon the verdict of a jury in condemnation proceedings to assess the damages by reason of a change of street grade, is *res judicata* and a bar to an action for damages to abutting property by reason of negligence and delay in doing the work, where such negligence and delay had occurred prior to the prosecution of the condemnation suit, and was or might have been considered in that suit.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 8, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages in the construction of a street grade. Reversed.

*H. M. Stephens* and *Bruce Blake*, for appellant.

*Morrill, Chester & Skuse*, for respondents.

[1]Reported in 132 Pac. 643.

FULLERTON, J.—The city of Spokane, by ordinance, changed the grade of one of its streets, known as Main avenue, and directed its improvement on the newly established grade, according to certain defined plans and specifications. A contract was let for the work, and the work subsequently completed to the satisfaction of the city. After the completion of the work, the respondents, who own property abutting upon the improved street, filed a claim with the city council for damages, claimed by them to have been suffered by their property because of the grading of the street. The city rejected the claim, whereupon they began the present action in the superior court of Spokane county to recover thereon. After the commencement of the action, the city council passed an ordinance directing that condemnation proceedings be begun against all of the property holders along the improved street for the purpose of ascertaining the amount of damages suffered by the property holders, arising from the improvement, and to establish a fund for the payment of such damages. A condemnation action was thereupon begun, and the respondents were made parties thereto. They appeared in the action personally and by counsel, and gave evidence before the jury called to assess the damages, as to their respective claims. The jury found that they had suffered no damages in excess of benefits conferred by the improvement of the street, and a judgment was entered accordingly. Subsequently the respondents continued the prosecution of the present action, which had been suffered to remain quiescent pending the trial of the condemnation proceedings. The city defended the action, and as one defense thereto set up the proceedings and judgment in the condemnation action as *res judicata* of the pending action. The court, however, refused to recognize the judgment in the condemnation proceedings as a bar to the action, but permitted the respondents to show the work had been negligently performed by the contractors, whereby a loss of rentals had been suffered by them because of the inaccessibility of the property,

and further that there had been an unnecessary delay in the completion of the work which had also caused the respondents loss of rentals. A verdict was returned by the jury in favor of the respondents for these items, and a judgment entered thereon.

The city appeals from the judgment, and assigns error on the ruling of the court refusing to sustain its plea of *res judicata*. In our opinion, the assignment is well taken. The negligent acts of the contractors and the city for which the respondents were allowed to recover had been committed prior to the prosecution of the condemnation suit. The purpose of that suit was to ascertain such damages. The respondents either did show, or could have shown in that proceeding, the very matters which they were permitted to show in this; and if they failed so to do, or did make the showing and the jury found against them, the judgment is conclusive as to all further claims against the city arising out of the improvements. *Compton v. Seattle,* 38 Wash. 514, 80 Pac. 757; *Johnson v. Spokane,* 72 Wash. 298, 130 Pac. 341; *Carpenter-McNeil Investment Co. v. Spokane, ante* p. 232, 131 Pac. 823.

The judgment appealed from is reversed, and the cause remanded with instructions to enter a judgment on the merits of the action in favor of the city of Spokane.

CROW, C. J., MAIN, MORRIS, and ELLIS, JJ., concur.