[No. 11529.    Department Two.    March 25, 1914.]

C. P.. DOSE *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED. An award in con-demnation proceedings for damages from a change of grade and the making of a one to one slope upon abutting property, is *res judicata* and a bar to a subsequent action for damages on account of slides after the work was done and the slope made, where it appears that, in the condemnation case, the owners sought to enhance their dam-ages by showing that the property would slide, and that, in order to protect a building, a retaining wall costing more than forty thou-sand dollars would be necessary, which issue was tried out in the condemnation case and the jury instructed to consider such expense of preventing slides in determining the value of the property before and after the regrade; and it is immaterial whether that issue was rightfully or wrongfully submitted in the condemnation case.

MUNICIPAL CORPORATIONS—CLAIMS—CONDITION PRECEDENT. Where the claim filed with the city for damages by reason of slides follow-ing a change of grade made no mention of loss of rental value of buildings, damages therefor cannot be recovered.

Appeal from a judgment of the superior court for King county, Humphries, J., entered May 22, 1913, upon the verdict of a jury rendered in favor of the defendant, in an action in tort. Affirmed.

*Tucker & Hyland,* for appellants.

*James E. Bradford* and *Howard M. Findley,* for respond-ent.

MOUNT, J.—The plaintiffs brought this action to recover damages alleged to have been sustained to their property

[1]Reported in 139 Pac. 594.

by reason of the negligent regrading of Fifth avenue in the
city of Seattle. The cause was tried to the court and a jury.
A verdict was rendered in favor of the defendant. After a
motion for new trial had been denied, judgment was rendered
upon the verdict. This appeal followed.

The appellants are the owners of two lots, at the corner of
Fifth avenue and Yesler Way, in the city of Seattle. Yesler
Way runs in an easterly and westerly direction, and has an
established grade of about fifteen per cent, the grade rising
abruptly to the eastward for a distance of about three blocks
from the appellants' property. Fifth avenue runs in a
northerly and southerly direction, and intersected Yesler
Way on the established grade about on a level. The city de-
sired to change the grade of Fifth avenue. It passed an
ordinance providing therefor. This ordinance provided that
the grade on Fifth avenue immediately to the westward of
the appellants' property should be lowered approximately
twenty-seven feet, and that a bridge should be built on Yesler
Way so that the traffic on Fifth avenue would pass under
the bridge across Yesler Way. The ordinance also pro-
vided that, in order to sustain the cut in front of the appel-
lants' property, the bank should be sloped back upon the ap-
pellants' property, one foot for each corresponding foot that
the grade was lowered.

In the furtherance of this improvement, the city brought
an action in the superior court for King county to condemn
the right to make this cut in the street and upon the property
of the appellants. Upon the trial of that action, the appel-
lants in this case introduced evidence to the effect that the
change of grade or cut in front of the appellants' property
would cause the property to slide into the street, and would
practically destroy the property. Witnesses were called in
that action by the appellants in this action for the purpose
of showing that the property of the appellants would slide
into the street because of the character of the soil, and that
it would be necessary for the appellants to construct a re-

taining wall, which the witnesses estimated would cost in excess of $40,000, in order to protect the property. In instructing the jury in that case upon this point, the court said:

"If you believe the regrade will necessarily require or entail cost or expense of excavation, or the construction of bulkheads or retaining walls, or other expense, in order to prevent slides, or to apply or adapt the property to such use after the regrade, over and above what would be required for like purposes or use at the present grade, then such additional reasonable cost or expense is a legitimate item to be considered by you in determining the value of the property before and after the regrade."

In that case, upon the issues there formed, the jury assessed damages to the appellants' property at $28,000. This sum was paid by the city to the appellants before the work of regrading commenced.

Thereafter the city of Seattle let a contract for making the cut, and after the commencement of the work, the whole hill immediately east of Fifth avenue commenced to slide into the cut that was being made, resulting in great slides of earth from the appellants' lots and the destruction of a building that was then upon the property. Thereafter the appellants filed a claim against the city for damages caused by the sliding of their property on account of the regrading of Fifth avenue. The claim was rejected, and this action was brought to recover such damages.

The city in this action pleaded two affirmative defenses, to the effect, first, that the award of damages in the condemnation suit was *res judicata* of the appellants' right to recover in this case; and second, that, if any damages were sustained, the appellants were responsible therefor because they had neglected to build retaining walls. On the trial of the case, the jury found in favor of the city as above stated.

A large number of errors are assigned by the appellants. The first thirty-six of these assignments relate to the question whether or not the condemnation proceeding adjudicated the damages now claimed. The appellants rely principally

upon the case of *Casassa v. Seattle*, 66 Wash. 146, 119 Pac. 13. It is plain from the record that the appellants endeavored to maintain the present case upon the authority of the *Casassa* case. There are, no doubt, some statements in the opinion in that case that lend color to a right of action in this case. But, in the *Casassa* case, it was not claimed that the question of slides was tried in the previous condemnation case. In fact, the city in the *Casassa* case introduced no evidence; but the trial court was of the opinion, after the plaintiffs had introduced all their evidence, that the defendant was not liable and, therefore, discharged the jury and dismissed the action. In that case, it was not shown that the defendants in the former condemnation case had tried out the question of damages on account of slides. This fact does not clearly appear from the opinion; but the record in that case clearly shows that no question of that kind was litigated. In this case, the record is clear to the effect that, in the condemnation case, the appellants in this case sought to enhance their damages by showing that the property would slide, as it did slide; that, in order to protect the building which was upon the property, it would be necessary to construct a concrete retaining wall at a cost of more than forty thousand dollars; and upon this evidence the jury must have based their finding. At any rate, it is perfectly clear in this case that the question of damages on that account was litigated in the condemnation case. In the *Casassa* case, we said:

"This court has many times held that parties and their privies are concluded as to all matters which were put in issue in the condemnation proceedings. *Compton v. Seattle*, 38 Wash. 514, 80 Pac. 757, and cases there cited. In *Parke v. Seattle*, 5 Wash. 1, 31 Pac. 310, 32 Pac. 82, 34 Am. St. 839, 20 L. R. A. 68, this court held the city liable for damages caused in grading the street, whereby the abutting land was deprived of lateral support. . . . It is apparent from rules laid down in these cases, that the city was liable for damages caused by the removal of the lateral support to the

land abutting upon this deep cut. It is also apparent that, if the city condemned the right to make a cut 58 feet deep in front of this property, the judgment in that condemnation proceeding was conclusive of all damages which were or could have been litigated therein; and if the city without negligence proceeded to make the cut, no further liability would be incurred, although greater damages might result than were covered by the award."

We also said in that case:

"When the city in this case determined that it would take only sufficient land to make a slope of forty-five degrees, the city, as well as the property owner, was bound by that determination. The city in substance thereby said to the property owner: 'This much of your property and no more is necessary to be taken. This will protect the street from earth which may fall by reason of the taking away of the lateral support. It is sufficient and all that is necessary.' The damages fixed by the award in condemnation were for the part definitely taken and no more, and for the injury to the remainder on account of the part actually taken. We think the question whether the city took sufficient property in the condemnation proceeding could not have been properly litigated there."

What we meant by this was that the city was the proper party to determine the amount of land necessary to be taken, and whether the city took sufficient property or not could not be properly litigated. We did not mean that damages which the city caused the appellants' property by reason of the taking could not be tried out in the condemnation case. In this case, that question was tried. In the *Casassa* case, *supra*, that question was not tried.

The logic of the appellants' position upon this question seems to be that the trial of the question of damages resulting from slides was not properly before the court in the condemnation proceeding and, therefore, that question may now again be tried in this action. It seems plain to us that, having submitted that question in the other case, whether

rightfully or wrongfully, the appellants are bound by the judgment in that case upon that question.

The other question presented by the appellants goes to the measure of damages. It is contended that the appellants were entitled to recover, not only for the diminution of the value of the real property and loss of the building, but for the reasonable rental value of the building up to the time of the rendition of the verdict, on the theory that the city was a trespasser. The claim filed by the appellants with the city makes no mention of this item of damage. It follows that, for this reason, they were not entitled to recover for such damages. *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080.

We find no error in the record, and the judgment is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.