[No. 33265. *En Banc.* April 25, 1955.]

ALLEN N. ROBERTS *et al., Plaintiffs and Relators,* v. THE PORT OF SEATTLE, *Defendant,* THE SUPERIOR COURT FOR KING COUNTY, *Roger J. Meakim, Judge, Respondent.*[1]

*Zundel, Danz, Brain & Isaac, Edwards E. Merges,* and *Nicholas A. Maffeo,* for plaintiffs and relators.

*Bogle, Bogle & Gates, Tom M. Alderson,* and *George N. Prince,* for defendant.

*A. C. Van Soelen* and *G. Grant Wilcox,* for city of Seattle.

SCHWELLENBACH, J.—December 13, 1954, the port of Seattle, a municipal corporation, petitioned the court in eminent domain proceedings to acquire certain real property for the extension of existing runways at the Seattle-Tacoma Airport, and for airport purposes. Relators are some of the defendants whose properties are sought to be condemned.

[1]Reported in 282 P. (2d) 821.

Prior to the institution of this action, the relators had commenced actions against the port of Seattle and various airlines operating out of the Seattle-Tacoma Airport, claiming damages in connection with the present operation of the airport. The first cause of action sought damages for the unlawful taking of their property; the second cause of action sought damages for nuisance; and the third cause of action sought damages for trespass and nuisance.

Each of the relators appeared in the eminent domain action and moved to dismiss that proceeding and to require the port of Seattle to bring its condemnation action by way of cross-complaints to the actions which they had previously brought. They also demurred to the petition on three grounds: 1. that the court has no jurisdiction of the persons or the subject matter of the action; 2. that there is another action pending between the parties; and 3. that the petition does not state facts sufficient to state a cause of action.

The motions and demurrers came on for hearing before Honorable Roger J. Meakim on January 20, 1955, at which hearing the court entered the following order:

"It Is Hereby Ordered, Adjudged and Decreed that the demurrers and motions of the respondents above named be and the same hereby are overruled and denied.

"It Is Further Ordered, Adjudged and Decreed that if respondents herein wish to assert any claim against the petitioner herein, they must do so in this action and that said claims must be made in this action and that the decree in this action will be res adjudicata with regard to said claims in such prior actions or with regard to any claims between these parties."

Following the entry of the order, relators applied to this court for a writ of certiorari. Upon a hearing after notice, the Chief Justice, on March 11, 1955, issued a writ of certiorari commanding respondent judge to send to this court on the 8th day of April, 1955, a transcript of the record and proceedings, that the same might be reviewed. The matter was heard by this court on April 12, 1955. At the hearing, the city of Seattle, one of the defendants in the eminent domain proceeding, but not one of the relators herein, ap-

peared and moved to dismiss the writ. We do not question the city's sincerity, but do not agree that the grounds stated are sufficient, and the motion to dismiss the writ is denied.

At the outset, we wish to state that if respondent judge's order had merely denied the motions to strike and had overruled the demurrers, this writ would not have been issued. However, relators had no speedy and adequate remedy by appeal from the last paragraph of the order, and it was deemed necessary to review that portion before the petition in the eminent domain proceeding was heard.

There is no question that the port of Seattle has a right to condemn private property for the extension of the runways of the Seattle-Tacoma Airport. Section 2, chapter 166, Laws of 1943, p. 536 [cf. RCW 53.08.010]; § 1, subd. 2, and § 2, subd. 1 and 2, chapter 182, Laws of 1945, p. 513 [cf. RCW 14.08.010, 14.08.030 and 14.08.040]. Proceedings to do so shall have precedence of all cases in court except criminal cases. RCW 8.12.110. The eminent domain case will therefore most likely be tried prior to the trial of the damage actions.

The trial court based its ruling on the case of *Carpenter-McNeil Inv. Co. v. Spokane*, 73 Wash. 232, 131 Pac. 823. That action was brought to recover damages caused by the alleged removal of lateral support of plaintiff's property abutting Main avenue, in Spokane, in the course of the improvement of that street by the city. June 8, 1911, the plaintiff filed a claim against the city for damages and commenced action on July 19, 1911. October 31, 1911, the city commenced an eminent domain action to ascertain the damage to abutting property by reason of the improvement of the street. The plaintiff in the damage action was a party to the condemnation action and its property included therein. It appeared by the same attorneys who represented it in the damage action. The trial resulted in a verdict of no damage to its property. The plaintiff thereafter pressed its damage suit, which had lain dormant throughout the condemnation proceedings. The city filed an amended answer which set up as an affirmative defense that the judgment entered in

the condemnation suit was *res judicata*. Upon trial, the court granted a motion to dismiss and judgment of dismissal was entered. In affirming the trial court, we said:

"As we have seen, the work here in question, for the alleged faulty performance of which the appellant in this action seeks damages, was all performed prior to the commencement of the condemnation suit. The appellant was a party to that suit and appeared therein. It was incumbent upon the appellant to set up in that suit all damages which it claimed by reason of the physical change of grade, and all damages which it claimed resulted from the manner in which that work was done. . . . It was the right and duty of the appellant to set up and prove all damages which it claimed to have suffered in the condemnation action. The judgment in that action is therefore conclusive upon the same issue which is presented in the present action. The defense of *res judicata* was properly sustained. This action was properly dismissed."

The prior taking of property in that case, as well as in the cases relied upon in the opinion, was incidental to the taking for the purposes of the condemnation action and was not a taking separate and distinct therefrom. It would appear from the pleadings in the actions here in controversy that relators have alleged a taking which was entirely different from and had nothing to do with the taking for the purpose of enlarging the port of Seattle's runways.

However, we do not consider it necessary to base this decision on whether or not there were two separate takings. Here we have actions by relators against not only the port of Seattle, but also against various airlines. In those actions, the jury might find (and we are not here concerned with the merits of those actions) that the port of Seattle alone took or damaged relators' property; that the taking or damage was by one or more of the airlines and not by the port of Seattle; that the taking or damage was jointly by the port of Seattle and one or more of the airlines; or that there was no taking or damage by any of the defendants.

The various airlines are not parties to the condemnation action and properly not so. They have no part in the operation of the airport and are not seeking to take relators' prop-

erty for the purpose of enlarging the runways. Yet, under the trial court's order the jury in the condemnation case might find that there had been no prior taking or damaging of relators' property by the port of Seattle, and such a determination would be *res judicata* in the action by relators against the airlines, to the possible detriment of the latter. Obviously, this would also be to the detriment of relators, because they would thus be prevented from having a determination made as to whether or not the port of Seattle and the airlines jointly took or damaged their property.

We realize that courts, in order to avoid a multiplicity of suits, should, if possible, decide all issues in one action. This should also be done in order to avoid confusion. However, we are convinced that the trial court's order would result in more confusion, rather than in avoiding it. The taking of private property for public use in an eminent domain action is a specialized proceeding, and no element should be injected therein which would jeopardize the rights of any of the parties involved. In *Carpenter-McNeil Inv. Co. v. Spokane, supra,* and kindred cases, the same parties were the only parties involved in both actions. That is not the situation here. In one case, the port of Seattle is suing relators. In the other cases, relators are suing the port of Seattle and various airlines. To decide all of the issues in either one action or the other, would result in hopeless confusion, to the detriment of most of the parties involved.

Relators shall not be required to assert any claim against the petitioner in the eminent domain action with respect to any loss or damage they may claim to have suffered as alleged in their actions against the port of Seattle and the various airlines, and the decree in the eminent domain action will not be *res judicata* with regard to such claims in the other actions.

The writ of certiorari is quashed pertaining to that portion of the trial court's order denying the motions to strike and overruling the demurrers, and such portion of the order is affirmed. The last paragraph of the order is reversed, and

the cause remanded with direction to delete it from the order.

Relators shall recover their costs in this proceeding.

HAMLEY, C. J., HILL, DONWORTH, FINLEY, ROSELLINI, and OTT, JJ., concur.

MALLERY and WEAVER, JJ., did not participate.

June 6, 1955. Petition for rehearing denied.