The opinion of the Court was delivered at this term, by
Parker C. J.
One of the objections to the will is founded upon the St. 1783, c. 24, § 9, which provides, “ that any will in writing which purports a disposition of both real and personal estate, that shall not be attested and subscribed as this act directs, for the devising of lands, tenements and hereditaments, (that is, by three or more credible witnesses,) shall not be allowed and approved as a will of personal estate only.” At the common law, a will which was good to dispose of personal estate, but not for real, might be set up for the former, though not for the latter, and this section of the statute was intended *250 to repeal the common law ; it must, therefore, be limited in us operation to the case intended by the legislature ; and it is very clear, that the provision had respect only to such wills as should be insufficient to dispose of real estate, only because they were not attested and subscribed in the manner required in the statute. The will before us is attested and subscribed so as to be valid, according to the statute, in respect to real as well as personal estate, so that the section of the statute relied upon in support of the objection does not apply. It is to be observed, that whatever estate the testator had was given to his mother, so that the case does not come within the reason of this section of the statute, which is, to prevent one devise or legacy from being established and another defeated, which would be contrary to the intention of the testator; and not being within either the words or the spirit of the section, the provision must be considered wholly inapplicable.
That an infant of fourteen years and upwards, is capable of disposing of his personal estate by will seems to be a well settled doctrine at common law. Being then of legal discretion so as to be liable to punishment for crimes, and according to our statute having a right to choose his own guardian over his person and property, he is also of discretion in point of law to dispose of his personal estate by will. Our statute, which requires the testator to be twenty-one years and upwards, relates only to the devising of lands, tenements and hereditaments, and the common law is left in full force in relation to personal estate, except when both real and personal shall be disposed of in one will, which is not properly attested and subscribed to pass the real estate. If there should be objections on the ground of want of discretion in point of fact, which might appear from the disposition actually made, as well as from other circumstances, the Court of Probate will exercise its discretion in approving or rejecting the will. In the case before us, the objection rests altogether on the want of age, and we are to presume there was no evidence of want of discretion in fact; certainly such defect cannot be inferred from the gift to the minor’s mother of all his property, it not appearing that there was enough to make a division of it among brothers and sisters. The cases and authorities cited by the counsel for the appellant *251 fully support the doctrine we contend for ; and not a single decisión or dictum to the contrary has been produced by the counsel for the appellees. It is only said that it is not according to the usage of the country to support wills so made. No doubt the instances are rare of wills made by minors, because it rarely happens that they have property to dispose of, and when they have, they are generally willing that the wise disposal of the law should have its course ; but a common law right cannot be taken away from one individual, merely be cause others have not chosen to exercise it. Neither the le gislature of the colony, province or commonwealth have seen fit to abolish this right, and certainly a court of law cannot do it. Although cases may arise which would seem to require that the law should be altered, yet, guarded as the privilege is by the right to inquire into the actual discretion of the testator, it is questionable whether any legislative interference is necessary.
The right of a minor to give his property to a mother in straitened circumstances, or to sisters unprovided for, instead of allowing it to be divided among brothers, who may have the means of subsistence without his aid, is a valuable right in minors, which, when exercised discreetly, ought not to be com plained of; and especially as his real estate, if he have any, cannot be diverted from the channels which the law has established.
The decree of the judge of probate was reversed, and the will allowed and proved so far as respects the personal property only of which the testator died possessed.