JULIA A. MENDENHALL, Appellee v. THE BOARD OF DI-
RECTORS OF THE INDEPENDENT SCHOOL DISTRICT OF
LEIGHTON, IOWA, JOHN WRAY, President, JOHN CUN-
NINGHAM, WM. SHOEMAKER, and IRA COLE, Appellants.

Schools: LOCATION OF SITE: PROXIMITY OF RESIDENCE. The term
"owner" as used in Code, section 2814, relating to the loca-
tion of school house sites. and prescribing the distance a site
shall be from the residence of any owner, has reference to the
owner of the residence and not the owner of the site to be
acquired; and is applicable alike to a site procured either by
purchase, devise, gift or condemnation.
WEAVER, J., dissenting.

*Appeal from Mahaska District Court.*— HON. K. E. WILL-
COCKSON, Judge.

WEDNESDAY, FEBRUARY 19, 1908.

SUIT in equity to restrain defendants from locating a
schoolhouse within thirty rods of plaintiff's dwelling house.
The trial court granted the relief prayed, and defendants
appeal.— *Affirmed.*

*John O. Malcolm* and *W. R. Nelson,* for appellants.

*Burrell & Devitt,* for appellee.

DEEMER, J.— Section 2814 of the Code, as amended by
Laws 1907, chapter 153, relating to school sites, provides
that any school corporation may take and hold so much real
estate as may be required for schoolhouse sites, for the loca-
tion or construction thereon of schoolhouses, and the con-
venient use thereof, but not to exceed one acre exclusive of
public highways, except in a city, town or village it may

include one block exclusive of the street or highway, as the case may be (or in certain cases may consist of not to exceed four acres unless by the owner's consent), which site must be upon some public road already established or procured by the board of directors, and shall, except in cities, towns, or villages, be at least thirty rods from the residence of any owner who objects to its being placed nearer, or not in any orchard, garden or public park.   Section 2815 provides for the condemnation of a site if the owner refuses or neglects to convey the same, or is unknown or cannot be found.   By section 2773 it is provided that the board of directors may fix the site for each schoolhouse.   .

Plaintiff in this case is the owner of a tract of land in Mahaska county outside of a city, town or village, which is her homestead, and upon which she maintains a dwelling house, and the defendants board of directors have acquired by purchase for their school district a school site, and are threatening to erect a schoolhouse thereon, which will be within fourteen feet of plaintiff's dwelling without her consent and against her protest.   This action is to restrain the erection of said schoolhouse.   Defendants' appeal is based upon the proposition that section 2814 of the Code before quoted has reference only to condemnation proceedings, and that the owners therein referred to mean the owners of the property condemned, and not adjacent owners.   Plaintiff objected to the purchase of the site before it was bought by the defendants, and protested against its use for school purposes, as it was close to her property, and would result in great discomfort and annoyance.   The section of the Code relating to school sites is very broad and comprehensive, and expressly says that the school site shall be at least thirty rods from the residence of any owner who objects to its being placed nearer.   The statute uses the term "any owner," and manifestly refers to the owner of the residence, and not to the owner of the site.   And it is just as clear to our minds that the statute has reference to a site

whether procured by purchase, devise, gift or condemnation.

Unless this be true, a site procured by purchase need not be upon a public road, nor is there any limitation upon the amount of land which may be acquired by purchase for school purposes. It surely cannot be the law that one may sell a site close to his neighbor's dwelling, and yet protect himself against the location of the school near his own home. The Legislature surely did not intend such an inequitable result. We think the limitations apply no matter how the site is procured, and that it. is not the owner of the real estate sold, but the owner of the dwelling, who may object, and the statute does not confer this right simply upon the owner from whom the land was purchased or taken, for it uses the term, "the residence of any owner who objects to its being placed nearer." It will not be contented, we think, that one owning land which is desirable for a school site may complain of the annoyance and inconvenience attendant upon its location, and at the same time shift that burden upon his. neighbor without his consent. No reason can be assigned for any such inequitable and unjust result. It would be most unfair to allow such owner to say that he would not tolerate a school within thirty rods of his own dwelling, but that he is perfectly willing to have it placed within fourteen feet of his neighbor's dwelling against his consent and notwithstanding his protest. This was the view taken by the state superintendent of public instruction until the year 1884, when a different position was taken in the case of Fisher v. District Twp., School Decisions of the Year 1892. This view was also sustained by the Attorney General of the State in an opinion by him reported in the Reports of the Attorney General for the Year 1899, 218.

These conclusions are, of course, entitled to some weight, but none of them save that given by the Attorney General was made since the adoption of the Code of 1897. That Code made a change in the law by broadening its. scope so as to include any owner of a residence who objected to

the site being placed nearer than thirty rods of his building. By sections 1825 and 1826 of the Code of 1873, it was the owner of the real estate and of the residence who might object, and these sections clearly had reference to lands condemned for schoolhouse sites, as they provided in express terms for lands taken under the provisions of the chapter relating to condemnation proceedings.   Section 2814 has no such limitations, and manifestly applies to school sites, no matter how acquired.   This point was not called to the attention of the Attorney General, or was overlooked by him. The limitation is not simply a concession to the owner of the land from whom the school site is taken by condemnation. If this be true, there is no limitation upon the powers of the school board in procuring school sites by purchase.   They may be of any size, and need not even be upon a public highway.   The decision of the state superintendent already referred to may be supported upon the theory that the act as found in the Code of 1873 and in the Acts 13th General Assembly, chapter 124, had reference only to condemnation proceedings.   Since the adoption of the Code of 1897 there has been no pronouncement upon the subject by the state superintendent of public instruction, and no occasion for the Legislature to so amend the act as to meet any wrong construction by that official.   As lending support to our conclusions, see *Brockway v. Board,* 133 Iowa, 293; *Dubuque Co. v. Dubuque,* 4 G. Greene, 4.

We reach the conclusion that the decree is right; and it is *affirmed.*

WEAVER, J., dissenting.