A. Z. DENNIS, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF WALKER, ET AL., Appellees.

School corporations: CONDEMNATION: AMOUNT OF LAND: CONSENT OF
1 OWNER: STATUTE. Section 2814 of the Code Supplement of 1907, while fixing the amount of land different school corporations may take and hold for school purposes, must be construed as a whole in so far as it relates to the amount of land which may be taken dependent upon the consent of the owner. In cities and towns it may take and hold one block; outside of cities and towns it can take and hold one acre, but in neither case can it acquire and hold more than one block or one acre, as the case may be, without the consent of the owner of the land.

Statutes: REVISION: RULE OF CONSTRUCTION. Changes made by revision
2 of the statutes will not be construed as changing the law unless it clearly appears that it was the intention of the legislature to change the law; and if the revised statute is ambiguous or susceptible of different constructions, the court will resort to the prior statutes for the purpose of ascertaining the intent of the legislature.

School grounds: CONDEMNATION: AMOUNT OF LAND: OBJECTION: ES-
3 TOPPEL. Where the owner of land sought to be condemned for school purposes made no objection that the amount of land being taken was in excess of that allowed without the consent of the owner, but appealed from the award of the sheriff's jury, and the only question raised and determined on the appeal involved the amount of damages to which he was entitled, he thereby consented to the taking of the land, and was estopped to thereafter assert that the amount taken was in excess of the amount the district was authorized by statute to take and hold without the consent of owner.

Same. Where the land sought to be condemned for school purposes be-
4 longed to different parties, one of whom consented to the taking, leaving the balance less in amount than the statute authorizes to be taken without consent, the other party had no right to object for the party consenting and was therefore not in position to raise the objection that the district was condemning more land than the statute allowed.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, OCTOBER 6, 1914.

THIS is a certiorari proceeding brought by the plaintiff in the district court against the school district and its board of directors to have the action of the school board, wherein they seek to condemn certain premises for schoolhouse grounds, reviewed and declared null and void because, as is alleged, the school board exceeded its jurisdiction, power, and authority, under the statute, and otherwise acted illegally. The case was tried upon the record and an agreed statement of facts. The court found in favor of the defendants and dismissed the writ.—*Affirmed.*

*H. C. Ring* and *Jamison, Smyth & Hann,* for appellant.

*Voris & Haas,* for appellees.

PRESTON, J.—There is no dispute as to the facts, some of which are admitted in the answer, others are covered by an agreed statement. It appears that the defendant, the Independent School District of Walker, for twenty-five years prior to July, 1911, owned and used lots 1 and 2, block 4, in the town of Walker, as a school site. Said lots are each fifty by one hundred and forty-seven and five-tenths feet in size and contain one-third of an acre. They are within the platted portion of the town. The additional land sought to be condemned is within the corporate limits, but is not within the platted part of the town, and has never been laid out into lots or blocks. About July, 1911, the school board began condemnation proceedings for the purpose of acquiring an additional tract of land to be used for school playground purposes. This tract of land so sought to be acquired was two hundred by four hundred feet and would contain one and eighty-three hundredths acres. The land sought to be acquired was the

property of two owners. One tract (138x400 feet in extent) belonged to Lucinda McCalley, who accepted the award of the referees without objection, and the remainder of the tract (62x400 feet in extent) was the property of the appellant. The land of appellant so taken was less than one-half acre. Said entire tract two hundred by four hundred feet is claimed by the school district under said condemnation proceedings.

. From the award of the referees appeal was taken to the district court and thence to this court and decided in another opinion rendered at the present sitting. The regular size of a full block in the town of Walker is four hundred and fifty by three hundred feet inside of the street lines. A block of that size contains more than three acres. The land so condemned including lots 1 and 2 of the original school ground comprises about two and one-eighth acres and is less than a regularly platted block of full size in the town. It is the contention of appellant that by the provisions of section 2814, Code Supplement 1907, the school board had no power or authority to take or hold to exceed one acre of land, except that in a town or village it may include one block. The position of appellee is that the district has power to take and hold real estate in excess of one acre provided the plaintiff consents or does not object thereto. A construction of section 2814, Code Supplement, is necessary. It reads:

1. SCHOOL COR-
PORATIONS:
condemnation:
amount of
land: consent
of owner:
statute.

> Any school corporation may take and hold so much real estate as may be required for schoolhouse sites, for the location or construction thereon of schoolhouses, and the convenient use thereof, but not to exceed one acre, exclusive of public highway, except in a city, town or village it may include one block exclusive of the street or highway as the case may be: or in districts consolidated under the provisions of section twenty-seven hundred ninety-nine (2799) of the Code, or chapter one hundred forty-one (141) of the laws of the Thirty-First General Assembly, or in school townships holding not more than two school sites, may consist of not to exceed four acres, for any one site, unless by the owner's con-

sent, which site must be upon some public road already estab-
lished or procured by the board of directors and shall, except
in cities, towns, or villages, be at least thirty rods from the
residence of any owner who objects to its being placed nearer,
and not in any orchard, garden or public park.

As to this appellant says: The section is divided into
two distinct parts applicable to two distinct and separate
subjects, the first part of which ends at the colon preceding
the word "or" near the end of the fifth line of said section.
The first part refers to any school corporation not enumerated
in the second part of said section and authorizes the taking
and holding by such school corporation for schoolhouse sites
not to exceed one acre of land, with the exception that in a
city, town or village it may include one block.

The second part, commencing with the said word "or"
following the colon in the fifth line of said section, empowers
consolidated districts or school townships not holding more
than two school sites to take and hold not to exceed four acres,
with the exception that by the owner's consent more than four
acres may be taken and held.

The Walker School Corporation is authorized to take and
hold land for schoolhouse sites under the provisions of the
first part of said section only and none other; that the first
part of section 2814 as far as the colon is complete in itself,
and that there is no necessary connection or dependence be-
tween the first and latter half of the section. In this we
cannot concur. The entire section ought to be construed to-
gether, and that the consent of the owner referred to in the
last part of the section has reference to the first part of the
section as well as the latter part. We are of opinion that such
was the intent of the Legislature. Code, section 2743, pro-
vides:

Each school district now existing shall continue a body
politic as a school corporation, unless hereafter changed as
provided by law, and as such may sue and be sued, hold prop-
erty, and exercise all the powers granted by law, and shall

have exclusive jurisdiction in all school matters over the territory therein contained.

Under section 2814, Code Supplement, the school district has power to acquire any amount of real estate necessary for its use. It cannot take without the owner's consent more than the amount limited. But with the owner's consent the amount which may be acquired is not limited, and the district may acquire any amount being necessary for the needs of the district. In a city or town it may take and hold a block. If not in a city or town, it may take and hold an acre. It cannot take more than the block nor more than the acre, as the case may be, unless by the owner's consent. In determining the meaning of section 2814 of the Supplement, as to the power of the district in taking and holding real estate, it is proper to take into consideration preceding legislation on the subject. Section 2814 of the Supplement is practically a re-enactment of prior laws with some additions.

The statute in question first appears in chapter 124, Acts of 13th G. A., and is there as follows:

That it shall be lawful for any school board in this state, whether of district township or independent district, heretofore organized, or that may hereafter be organized under the laws of this state, to take and hold, under the provisions contained in this act, so much real estate as may be necessary for the location and construction of a schoolhouse, and convenient use of the school: Provided, that the real estate so taken, otherwise than by the consent of the owner or owners, shall not exceed one acre.

There are other provisions of the act, and section 3 thereof is substantially the same as the present Code, section 2815, relating to condemnation.

The provisions of the act were carried into the Code of 1873, where, as section 1825, it appears as follows:

It shall be lawful for any district township, or independent district, to take and hold under the provisions contained

in this chapter, so much real estate as may be necessary for the location and construction of a schoolhouse and convenient use of the school: Provided that the real estate so taken, otherwise than by consent of the owner or owners, shall not exceed one acre.

In the Code of 1897, section 2814, eliminating nonessentials, and using parentheses, it is as follows:

Any school corporation may take and hold so much real estate as may be required for schoolhouse sites, . . . but not to exceed one acre (except in a city or incorporated town it may include one block exclusive of the street or highway, as the case may be), for any one site, unless by the owner's consent, which site must be upon some public road. . . .

Here the owner's consent clearly refers to what is now the first part of section 2814 of the Supplement, though now appearing in the latter part of the section.

By chapter 153, Acts of the 32d G. A., the last-quoted section was repealed, and there was a re-enactment with some additions as now appears in Code Supplement, section 2814. Again using parentheses, we have the section as follows:

Any school corporation may take and hold so much real estate as may be required for schoolhouse sites, for the location or construction thereon of schoolhouses, and the convenient use thereof, but not to exceed one acre, exclusive of public highway (except in a city, town, or village it may include one block exclusive of the street or highway as the case may be: or in districts consolidated under the provisions of section 2799 of the Code, or chapter 141 of the Laws of the Thirty-First General Assembly, or in school townships holding not more than two school sites, may consist of not to exceed four acres) for any one site, unless by the owner's consent, which site must be upon some public road already established or procured by the board of directors and shall (except in cities, towns, or villages) be at least thirty rods from the residence of any owner who objects to its being placed nearer, and not in any orchard, garden or public park.

That part of section 2814 of the Code Supplement in regard to consolidated districts and school townships holding

not more than two school sites seems to have been inserted in the middle of the old section. It is a rule of construction that changes made by a revision of the statutes will not be construed as altering the law, unless it is clear that such was the intention, and, if the revised statute is ambiguous or susceptible of two constructions, reference may be had to prior statutes for the purpose of ascertaining the intent of the Legislature. *Becklin v. Becklin,* 99 Minn. 307 (109 N. W. 243) ; *State v. Prouty,* 115 Iowa, 657 ; *King v. Carroll,* 129 Iowa, 364 ; *Taylor v. Caribou,* 102 Me. 401 (67 Atl. 2, 10 Ann. Cas. 1080).

2. STATUTES: revision: rule of construction.

The act of the 32d General Assembly did not change the law except as to consolidated school districts and school townships holding not more than two school sites. Counsel for appellant rely upon the punctuation of Code Supplement, section 2814, as giving color to a different construction; but when the purpose of the different amendments, the manner in which the changes were made, and the long period the statute had been in force are considered, no other construction is reasonable than that the school district is empowered to hold as much real estate as it may deem necessary, provided it could not take without the owner's consent more than one acre. If the contention of appellant is correct, the connecting word, "or," after the colon, would be meaningless. Again, in the latter part of section 2814 of the Supplement it is provided that the school site must be upon a public road. This does not appear in the first part of the section, though in referring to the amount of land which may be taken it is there provided that the amount is exclusive of public highway and exclusive of street or highway, thus contemplating that the site must be on a road or street; but it is not expressly so provided only in the latter part of the section. This, it seems to us, is an additional reason for construing the entire section together. Clearly it was not the intention of the Legislature that school sites should be located at a point where there could be no ingress to or egress from the school. In the present

case the old site is upon two streets, and the newly acquired land adjoins the old site, and a part of it comes up to the street which is north of the old site. Another feature of section 2814, Code Supplement, was construed in *Mendenhall v. School District*, 137 Iowa, 554. The discussion in that case has some bearing on the present case.

The school district then had a right to take the land in controversy unless the owner objected, and he did not object. He might have objected at the time of the assessment of damages, but he did not question the right of the district then. He appealed from the award and asked to have his damages increased. He had a right to object to the taking then and did in fact file a pleading setting up that the district had no right to condemn. This pleading was withdrawn, and plaintiff elected to proceed to trial to a jury as to the amount of his damages. He was awarded $500 by the jury, or $125 more than the amount fixed by the referees and from which he had appealed. That appeal was to the district court from that award, and the only question raised on the appeal was as to the amount of his damage. The $500 has been deposited for the plaintiff, and the district has paid about $100 costs and $100 attorney's fees for the trial of that appeal. In our opinion it is now too late for plaintiff to change his policy. By his conduct he consented to the taking of the land, and the only question was as to the amount the district should pay for it. *Stronsky v. Hickman*, 116 Iowa, 651, seems to be in point. In that case the plaintiff sought to enjoin the opening of a road established by the board of supervisors. It appeared that the opening of the road would require the removal of plaintiff's buildings contrary to Code, section 1487, which prohibits the establishment of any road so as to cause the removal of any building without the consent of the owner. Plaintiff filed his claim for damages in the sum of $1,500 and was allowed $25. The road was ordered established. No appeal was taken, and the damages were

3. SCHOOL GROUNDS: condemnation: amount of land: objection: estoppel.

paid to the auditor for the plaintiff's use, and the road was ordered opened.

Plaintiff brought his action for an injunction, alleging that the supervisors were without jurisdiction or authority to establish the road through his premises so as to cause a removal of buildings without his consent. The injunction was denied; the court saying:

It cannot be said that the board was without jurisdiction of the subject-matter. The statute authorized the supervisors to establish the road, even though it required the removal of buildings, providing only that in such instance the consent of the owner must be had. The preliminary steps—the petition, appointment of commissioners, report, notices to adjacent owners, etc.—were regular, and the single inquiry is whether plaintiff can now be heard to say he did not give his consent, and that the final order is therefore of no effect. . . . It is quite clear that he knew of the proposition to establish the road, and understood the import of the notices served upon him, for he appeared before the auditor; and, while saying that the road would be a great injury to him, and he did not want it, he did not file any objections to its establishment, but did file his claim for damages. He may not have had a clear conception of his legal rights—may not even have known of the statutory provisions now relied upon—but there was nothing to prevent his consulting counsel and obtaining proper advice, had he cared to do so. It was not necessary that his consent to the road should be in writing (People v. Goodwin, 5 N. Y. 568), and, if his conduct was such that consent may reasonably be inferred or implied, it is sufficient. The law gave him the option of two courses: He could file his objections on the ground that the road would require the removal of his buildings, and thus defeat entirely the proposed establishment, or he could permit the establishment to proceed, and file his claim for the resulting damages. He chose the latter alternative, and having had his claim for damages adjudicated by the proper tribunal, and having failed to appeal therefrom, he cannot be permitted to return to the starting point, and say he does not consent.

The point is not argued, but there is still another reason why we think plaintiff may not now complain. The larger

part of the additional 1.83 acres of land taken belonged to
Mrs. McCalley. She accepted the award and
4. SAME.    has consented to the taking of her land and
has not and does not now object thereto. · The record shows,
as we understand it, that the amount of land taken from plain-
tiff, together with the old site, is less than one acre. As
stated, Mrs. McCalley has consented to the taking of her land,
so that in the taking of plaintiff's land he may object for
himself alone, and to the taking of his land. He may not
object for Mrs. McCalley. He does not claim that he may
do so. He has not brought his suit for any one but himself,
and now seeks to object to the taking of his land.

We hold then that the school district had authority to
condemn the land, and its action was therefore not in excess
of its power or otherwise illegal. Other questions are argued
by appellees and answered by appellant; but, in view of the
holding on the point just determined, it is not necessary to con-
sider such other points. The judgment of the district court is
therefore—*Affirmed*.

LADD, C. J., and EVANS and WEAVER, JJ., concurring.