In re Will of Clifford E. Evans.

REBECCA ERVIN, Appellant, v. CARRIE L. SHAW et al., Appellees.

WILLS: Testamentary Capacity—Minors. A minor is incompetent to execute a valid will, even when in actual military service.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

JUNE 23, 1922.

PROCEEDINGS to probate the last will and testament of Clifford E. Evans, deceased. The trial court sustained the objections filed by contestant-appellees and entered judgment for costs against the plaintiff-proponent.—*Affirmed.*

*McCoy & McCoy, F. T. Nash,* and *A. J. Walsmith,* for appellant.

*L. T. Shangle, D. C. Waggoner, J. E. Eichorn,* and *J. A. Devitt,* for appellees.

DE GRAFF, J.—One issue is involved on this appeal. Can a soldier under lawful age while in the actual service of his country make a valid will under the provisions of the statutes of Iowa?

The decedent Clifford E. Evans was a legal resident of Mahaska County, Iowa, and at the time of his death was 19 years of age. He died in France March 21, 1918 from gun-shot wounds received in military service as a member of the American Expeditionary Forces. He died unmarried and without issue. On March 7, 1918 he executed a will with all the formalities required by the statutes of Iowa. The legatee named in said will is his aunt, plaintiff herein. The four contestants are his next of kin being sisters of the half blood.

Upon the filing of the will for probate written objections were entered by the testator's next of kin, and contestants allege that "the said Clifford E. Evans at the time of the execution of said alleged will and at the time of his death was a minor, and under age, and incompetent to make any will, and the proposed will is null and void for that reason."

This is the first case in this court involving the probate of the will of a minor dying in actual service on the field of battle. The question is, whether it is a good and valid will. The cause was tried below upon an agreed statement of facts and the probate of the proffered will was denied.

Did the court err in refusing to admit the will to probate

under Section 3273 of the Code? This section reads: "A soldier in actual service, or a mariner at sea, may dispose of all his personal estate by a will so made and witnessed."

The words "so made and witnessed" have reference to the preceding section of the Code which provides that "personal property to the value of $300 may be bequeathed by a verbal will witnessed by two competent persons, * * *." Consequently, "so made" means verbally made; "(so) witnessed" means witnessed by two competent persons. The only distinction between these two sections of the Code is the quantum of personal state that may be bequeathed by a nuncupative will. It is the only difference recognized by the law in the making of a verbal will by a soldier in actual service and a civilian. A soldier not in actual service would be governed by the provisions of Section 3272 in the same manner as a civilian. In other words the statute governing verbal wills applies to all persons regardless of profession or occupation except that a soldier in actual service or a mariner at sea may dispose of all his personal estate by a nuncupative will.

The next immediate section (Code Section 3274) provides that "all other wills, to be valid, must be in writing." The instant will is in writing but this is immaterial in the decision of this case, if the right to make the will exists. If a verbal will, when made, is valid, it is no less valid if subsequently reduced to writing and executed with the formalities required by statute as happened in the instant case.

Who may make a will as defined by the law of Iowa? The answer is found in Code Section 3270 which reads: "Any person of full age and sound mind may dispose by will * * *." Must this provision be respected in every case? Clearly the law does not contemplate that a person of unsound mind may make a will either verbal or in writing. Upon what theory may a court under the provisions of our law make an exception as to age? Is it the legislative intent to permit a soldier in actual service whether under or over lawful age to make testamentary disposition of his personal estate? The limitations, restrictions and prohibitions of the statute of wills govern all persons, unless exceptions are prescribed. The law does not permit any person

to will his property necessary for the payment of his debts and the expense of administration of his estate, or to deny his widow her distributive share, or to give all of his property to a corporation when survived by a spouse, child or parent. A soldier cannot dispose of real estate by verbal will, neither can a civilian.

Unless the legislative intent is clear that Section 3273 is to enlarge the right to make a will as defined in Section 3270, the right of a minor soldier in actual service to make a will does not exist. Unless the legislature intended to confer upon a soldier in actual service regardless of his age the right to make a valid will he does not possess that right, if a minor. Clearly the provisions of Section 3272 do not relieve a civilian or a soldier not in service from the requirements of Section 3270, and in the absence of legislative intent a soldier in actual service is not relieved from said requirements. Section 3270 defines and establishes the right to make a will and states who are competent, but in no sense does it refer to the manner of making a will.

The legislature in its wisdom extends to a soldier in actual service the privilege of making a verbal will disposing of all his personal estate. This privilege is undoubtedly granted by reason of the hazardous nature of his employment and the ordinary lack of opportunity to observe the legal formalities requisite to a testamentary disposition.

Our legislature has also seen fit to permit soldiers in service to vote, and under the provisions of this law qualifications of age, residence, etc. remain as they existed heretofore. If the soldier was a qualified voter at home, he remained a qualified voter wherever he may be stationed, but not otherwise.

It is apparent that the underlying reason for the legislature of this state to write into law the exceptions noted is not to confer a special right or benefit upon soldiers as a class, but simply to meet a condition due to the nature and character of their employment.

The right to make a will is neither a natural nor a constitutional right. It is purely statutory. It is the creature of legislation. The right to make a will in this state may be exercised only under statutory limitations and qualifications. Such mat-

ters are strictly within legislative control. *In re Estate of Emerson*, 191 Iowa 900.

A will *per se* transfers nothing. Upon the death of the testator the statutes in conjunction with the will operate to transfer title. The common law finds no application except as an aid in interpretation. Our statute of wills supersedes the common law. The question presented is one of legislative intent purely.

A very interesting discussion of the rules and principles of the common law in relation to the validity of wills of personal property is found in *Leathers v. Greenacre*, 53 Me. 561. In opinion it is said:

"Soldiers in actual service or mariners at sea are so far relieved from the formalities to be observed by others in the making of their wills that, either by written will or by nuncupation, they may dispose of their personal estate and wages as they might have done under the common law."

This, however, is a quotation from the Revised Statutes of the state of Maine, and in the light of this statute the common law was held applicable to the written document offered in probate as the last will and testament of John B. Leathers, deceased. See, also, *Deane v. Littlefield*, 18 Mass. (1 Pick.) 239.

Under the territorial statute of Iowa of 1842 it was provided that nothing contained in the statute of wills shall "prevent any soldier in actual military service" from making his will "as he might heretofore have done." It is evident that the territorial legislature of this state intended to embody and read into this statute the common-law rule, but upon the enactment and adoption of the Code of 1851 the law was written as it is found in our present Code. The intention to change the law clearly appears by the revision of our first statute of wills.

The revised statute is not ambiguous or susceptible of two constructions. We have recognized the rule that, if a revised statute is ambiguous, reference may be had to prior statutes for the purpose of ascertaining the intent of the legislature. *Dennis v. Independent School District*, 166 Iowa 744. The phraseology of our present statute, however, does not call for

the application of this rule of statutory construction. We discover no repugnancy or ambiguity between any of the sections of our statute of wills.

The legislature has created the right to dispose of property by will under certain limitations and restrictions. The next legislature could change the law in any particular or could abolish the right of testamentary disposition *in toto*. Under the present law the right to will under certain limitations and prohibitions is extended to people of full age and sound mind and to no one else. It is a matter of legislative enactment and a court is not privileged to amend the law. As it is written, it is written.

We see no escape from the ruling of the trial court in sustaining the objections entered to the probating of the will in question. Wherefore the judgment entered is—*Affirmed*.

STEVENS, C. J., WEAVER and ARTHUR, JJ., concur.