JOHN I. ASHURST, Appellant, v. JOHN P.
LOHOEFNER et al., Respondents.

Kansas City Court of Appeals, May 5, 1913.

1. **DRAINAGE DITCH: Timber: Owner: Trespass.** A strip of defendant's land, eighty feet wide, was condemned upon which to dig a drainage ditch, and plaintiff obtained the contract to dig it. Before he· did so, defendant cut off the timber, and plaintiff sued him in trespass for treble damages under the statute forbidding the cutting of timber "on the land of another person." It was held that plaintiff could not maintain an action for trespass.

2. **EMINENT DOMAIN: Easement: Timber: Construction.** When a strip of land is condemned for a drainage ditch through a person's land, such person remains owner of the fee subject to the easement of the public and is owner of all timber not necessary to the construction of the ditch.

3. ————: ————: ————: Contractor: Construction. A contractor to dig a drainage ditch, the right of way for which has been condemned, may use all necessary rock and timber on the right of way to construct it; but he is not entitled to anything more than that.

Appeal from Lafayette Circuit ·Court.—*Hon. Samuel
Davis*, Judge.

AFFIRMED.

*H. C. Wallace* for appellant.

(1) The court erred in .considering and sustaining the demurrer to the evidence and directing a verdict for defendants when the plaintiff was partlyi through plaintiff's evidence and before plaintiff had concluded his evidence in chief or rested his case and without allowing plaintiff opportunity to present all his evidence in chief. The court is authorized to pass on a demurrer to the evidence at the close of plaintiff's evidence and after he has rested his case, or at the close of all the evidence in the case. There is no au-

thority in the court to grant a demurrer to the evidence of plaintiff or direct a verdict before his entire evidence is offered, or to grant a demurrer to the evidence of plaintiff when it is only partly heard or introduced. Rucker v. Eddings, 7 Mo. 115; Clark v. Railroad, 36 Mo. 202; Smith v. Railroad, 37 Mo. 287; Weaver v. Railroad, 60 Mo. App. 207; Roland v. Railroad, 36 Mo. 485; Bartelott v. Bank, 119 Ill. 259. (2) It is error to direct a verdict before plaintiff has rested his case. Miller v. House, 63 Iowa, 82; Machine Co. v. Merrill, 68 Iowa, 540. (3) Under the law and such condemnation proceedings and contract said timber belonged to appellant, and he was under said contract required to remove the same and to use the same in his work of construction of said ditch. Bridge Co. v. Ring, 58 Mo. 491; Niagara Falls Co. v. Hotchkiss, 16 Barb. 270; Brainard v. Clapp, 10 Cush. 6; Taylor v. County, 38 N. J. L. 28; Virmulga v. County, 66 Iowa, 606; Evans v. Haefner, 29 Mo. 141; Alexander v. Scott, 150 Mo. App. 213; Heine v. Railroad, 144 Mo. App. 447; Booker v. Railroad, 144 Mo. App. 282; Cupp v. McCallister, 144 Mo. App. 112; Tapley v. Herman, 95 Mo. App. 545; Knapp v. Hanley, 108 Mo. App. 360; Staube v. Iron and Foundry Co., 85 Mo. App. 475; Panck v. Beef & Provision Co., 159 Mo. 475; Davis v. Kroyden, 60 Mo. App. 441. (4) Ample provision under the statute is not only made for assessment of the value of the lands taken for use of drainage district, but also for the assessment of all damages which may result thereto, by reason of such improvement. Drainage District v. Richardson, 237 Mo. 77; Barbarick v. Anderson, 45 Mo. App. 270; Watts v. Loomis, 81 Mo. 236; Schrodt v. St. Joseph, 109 Mo. App. 627; Tie Co. v. Stone, 135 Mo. App. 438; Brown v. Hartsell, 87 Mo. 564; Lindenbower v. Bentley, 86 Mo. 515; Avitt and Robinson v. Farrell, 68 Mo. App. 665; R. S. 1909, sec. 7461. (5) The damages awarded the landowner for the land actually taken by the drainage district

may be deducted from the benefits assessed against the land of which that taken is a part. Drainage District v. Richardson, 237 Mo. 49; R. S. 1909, sec. 5586. (6) The court erred in excluding evidence as to plaintiff's possession and preparations and labor under contract. The contract had been executed and plaintiff was acting thereunder though the county court had reserved the right to declare the contract void if after two advertisements bonds were not sold; they were sold and this clause became inoperative. Brown v. Hartsell, 87 Mo. 564; Lindenbower v. Bentley, 86 Mo. 515; Schrodt v. St. Joseph, 109 Mo. App. 629; Avitt and Robinson v. Farrell, 69 Mo. App. 665; Tie Co. v. Stone, 135 Mo. App. 456. (4) If the court had been authorized to direct the verdict when the evidence was partly heard, the court under the evidence produced should have overruled the demurrer to such evidence. Heine v. Railroad, 144 Mo. App. 447; Alexander v. Scott, 150 Mo. App. 213; Booker v. Railroad, 144 Mo. App. 282; Cupp v. McCallister, 144 Mo. App. 112; Tapley v. Herman, 95 Mo. App. 545; Knapp v. Hanley, 108 Mo. App. 360; Staube v. Iron & Foundry Co., 85 Mo. App. 644; Panck v. Beef and Provision Co., 159 Mo. 475; Davis v. Kroyden, 60 Mo. App. 441.

*Charles Lyons* for respondents.

(1) The respondents were the owners of the fee and as such had the exclusive right to all mines, quarries, timber and earth, subject to the easement of the ditch. The appellant was a mere licensee and had no right or title to the timber growing on the right of way. The contract with the county did not, and could not vest the title to the timber in appellant. Trees belong to the owner of the fee. Walker v. City of Sedalia, 74 Mo. App. 70; Elliott on Roads and Streets, p. 518; Pemberton v. Dooley, 43 Mo. App. 178; Randolph on Eminent Domain, secs. 210 and 211; McAn-

tire v. Telephone Co., 75 Mo. App. 535; Snoddy v. Bo-
len, 122 Mo. 479; Town of Glencoe v. Reed, 67 L. R. A.
901; 10 Decennial Digest, Highways, secs. 80 and 83;
25 Century Digest, secs. 292 and 293. (2) The re-
spondent being the owner of the fee subject to the
easement of the ditch could maintain trespass against
appellant for appropriating and converting to his own
use respondent's trees. Gamble v. Petijohn, 116 Mo
375; Thomas v. Hunt, 134 Mo. 392; Jackson v. Hath-
away, 15 John. 474, 8 Am. D. 263; Deaton v. County
of Polk, 9 Iowa, 594; Makepeace v. Weiden, 1 N. H.
16; Babcock v. Lamb, 1 Cow. 238. (3) The demurrer
to the evidence was properly sustained. It has been
repeatedly decided by the courts that where counsel
in their opening statements state or admit facts the
existence of which precludes a recovery by their
clients, the courts may close the case at once and give
judgment against the clients. Pratt v. Conway, 148
Mo. 291; Tootle v. Buckingham, 190 Mo. 195; Oscan-
yan v. Arms Co., 103 U. S. 261; Steamship Co. v. Em-
igration Commrs., 113 U. S. 37; Butler v. National
Home, 144 U. S. 65; Lindley v. Railroad, 47 Kan. 432.

ELLISON, J.—Defendant was the owner of a
tract of land in Lafayette county, through which was
located a right of way eighty feet wide for a drainage
ditch under the provisions of article 4, chapter 41, Re-
vised Statutes 1909. On the 7th day of October, 1907,
a contract for the construction of the ditch was regu-
larly let to plaintiff as the lowest and best bidder,
to be paid for in bonds of the drainage district as
directed by the statute. His contract provided that
he was to begin work within ten days after the bonds
had been sold and complete the same within one year.
The bonds were not sold until the 23rd of March,
1908, and he did not begin to dig the ditch until in
August of that year. He finished it in due time there-
after. It seems that there was growing timber on

the right of way through defendant's land and that plaintiff's contract provided for the construction of dams where the ditch crossed a certain creek and that these dams were to be braced by timber which the contract stated he could take from the right of way. After the contract was let to him he went over the route of the ditch, including defendant's lands, observed the timber and saw that it could be used.

Between the time when he secured the contract and when he reached defendant's lands with the construction of the ditch, defendant cut and hauled away the growing timber. Thereafter, in March, 1910, he began this action in trespass for treble damages under section 5448, Revised Statutes 1909, reading as follows: "If any person shall cut down . . any timber . . . standing, being or growing on the land of any other person . . . the person so offending shall pay to the party injured treble the value of the thing so injured, broken, destroyed or carried away, with costs." It is further provided by section 5451 of the same statute that if it shall appear on trial that the "defendant had probable cause to believe that the land on which the trespass was committed . . . was his own," only single damages could be recovered.

In this State the fee of land over which a highway or street is laid out remains in the owner with an easement to the public. He remains the owner of the product of the land on, under or above the surface, the taking of which would not injure the construction or the public use. [Gamble v. Pettijohn, 116 Mo. 375; Gans & Sons v. Railway Co., 113 Mo. 308; Snoddy v. Bolen, 122 Mo. 479; Walker v. Sedalia, 74 Mo. App. 70; McAntire v. Telephone Co., 75 Mo. App. 535; Pemberton v. Dooley, 43 Mo. App. l. c. 178; Belcher Sugar Co. v. Elevator Co., 82 Mo. l. c. 125; Thomas v. Hunt, 134 Mo. 392.]

We are therefore satisfied that when defendant cut the timber on the right of way he was not cutting timber on "the land of any other person," but on land of his own, and that he was, therefore not guilty under the trespass statute.

One who lawfully obtains a contract for constructing a drainage ditch as contemplated by the statute does work for the public and he may clear the right of way of obstructions, such as earth, timber, rock, etc., and, in analogy to the right of the public in constructing roads, he may use such material in the construction of the ditch. The use of such material on the right of way is an incident to the work. [Robert v. Sadler, 104 N. Y. 229; Jackson v. Hathaway, 15 Johns. 447, 453; Denniston v. Clark, 125 Mass. 216, 221, 222; Deaton v. County of Polk, 9 Ia. 594; Viliski v. Minneapolis, 40 Minn. 304; Phifer v. Cox, 21 Ohio St. 248.] But the fact that he has become the contractor to dig such ditch does not vest in him the title to the land over which the right of way is located. The right to use timber and other material which may be necessary is a part of the easement the public has; and conceding the contractor represents the public in the exercise of such right, he would be confined and limited to the right of the public. The public right, we have just said, is to use so much of the timber on the right of way as may be necessary for the proper construction of the ditch; whereas plaintiff counts himself the absolute owner of all the timber on the right of way, regardless of what may be necessary to the work he has to do. And in giving practical application of this idea, the record shows he purposed putting in a sawmill and thereby taking to himself as owner the whole of the timber.

We think that whatever remedy plaintiff may have, if he was deprived of the use of timber to which he was entitled, it is not for a violation of the trespass statute upon which he has founded his action.

It appears that the court gave a peremptory instruction for the defendant before the evidence in plaintiff's behalf had closed, and he complains of this. We do not see that there was any error in this. Plaintiff's case and claim was made to appear fully before the court acted. Courts may close the case on the opening statements of counsel which show there can be no recovery by his client. [Pratt v. Conway, 148 Mo. 291, 299; Tootle v. Buckingham, 190 Mo. 183, 196.]

The judgment is affirmed. All concur.