MARTHA BRAY, Respondent, v. LAND CONSTRUC-TION COMPANY and THE CITY OF ST. JOS-EPH, Appellants.

Kansas City Court of Appeals, May 10, 1920.

1. **TRESPASS: Taking of Property: Appropriation of Easement.** The Construction of a slope upon plaintiff's land for the purpose of supporting the sides of a street under an ordinance providing for the grading of the street, was not a taking of the plaintiff's land but a damage thereto which might have been ascertained in the condemnation proceedings in the circuit court.

2. ————: **Damage to Land: Res Adjudicata.** Where a large amount of earth is placed on plaintiff's land in constructing thereon a slope under an ordinance providing for the same, the condemnation proceedings in the circuit court to ascertain damages to property owners was *res adjudicata* and the plaintiff may not recover further damage.

3. **RES ADJUDICATA: Failure to Plead.** The defense of *res adjudicata* cannot be urged by a defendant who has not pleaded it.

Appeal from Buchanan Circuit Court.—*Hon. Thos. B. Allen*, Judge.

AFFIRMED AS TO CITY, REVERSED AS TO CONSTRUCTION COMPANY.

*Homer C. King* and *Randolph & Randolph* for respondent.

*Barney E. Reilly and W. B. Norris* for appellant, Construction Co.

*Stigall, Meyer & Hamm* for appellant, city.

BLAND, J.—Plaintiff, Martha Bray, the owner of certain real estate in the City of St. Joseph, Missouri, sued the City of St. Joseph and the Land Construction Company for damages for depositing upon her lot to a depth of 8 ft. a large amount of earth, covering a space from 9 to 14 ft. in width, extending the full length of the lot, about 140 feet. Plaintiff recovered a verdict and judgment in the sum of $250 and defendants have appealed.

The petition alleges a trespass on plaintiff's property, the taking of her property, and injury to fruit trees standing in the yard, injury to the barn, and to the premises as a place of residence. The answer of defendant, City of St. Joseph, was a general denial; the answer of defendant, Land Construction Company, was a general denial and a plea of *res adjudicata* to the effect that the earth was placed upon plaintiff's property by virtue of an ordinance passed by the City of St. Joseph, for the grading of the abutting street; that said ordinance provided that the street should be graded to established grades and to the full width thereof, together with the extensions, reinforcements and slopes necessary to sustain the fills; that proceedings were had in the circuit court of Buchanan County, Missouri, for the purpose of ascertaining the damages and benefits arising from the grading provided for in the ordinance and that said proceedings resulted in a judgment that was final and unappealed from.

The facts show that the city passed the ordinance mentioned in defendant's, Land Construction Company, answer. The ordinance, among other things, provided that the street—

" . . . be graded to the established grades and to the full width thereof, together with the extensions, reinforcements and slopes necessary to sustain the fills,

All in accordance with plans and specifications therefor on file in the office of the Board of Public Works, a copy of which plans is hereto attached, said plans and

specifications being made a part of this ordinance by reference."

The specifications provided that embankments should be carried up with a slope of one and one-half feet horizontal to one foot vertical, and that—

"The street as before described, shall be graded to the full width and further include the extensions, reinforcements and slopes for sustaining the fills, as per plans, and to the grades therefor shown on the profiles and cross sections of the work attached to the ordinance ordering the work.

The grading will consist of excavating on all portions of the street above the grade line and in filling all portions of the street, together with the extensions, reinforcements and slopes, below the grade line."

The specifications further provided with reference to the fill that the top of the fill should be the full width of the street and that the slope should be on private property. The profile also shows that the slope should be on the property of plaintiff. Proceedings were had in the circuit court of Buchanan County, under provisions of article 2, chapter 84, Revised Statutes 1909, to ascertain the benefit and damages to the affected property owners and such damages and benefits were duly assessed and final judgment was entered therein.

It is plaintiff's contention that the damages that were or could have been ascertained in the proceeding under the ordinance could not have included the taking of private property "to use as a dumping ground; or for the purpose of widening a street." The city under these proceedings was not attempting to take plaintiff's property nor to widen the street. It was the purpose of the city to grade the street so that the top of the grade should be the full width of the street. The placing of the earth upon plaintiff's land for the purpose of supporting the sides of the street did not divest the owner of her dominion over the property but was only an appropriation of an easement. Plaintiff still had substantial rights in the property and the full enjoyment of the

same, subject to the use of the easement taken by the city. [Dodson v. The City of Cincinnati, 34 Ohio St. 276.] The construction of the slopes·upon plaintiff's land was not a "taking" of the land but a "damage" to the same, such as could have been ascertained and paid for under the provisions of the statute supra in the proceeding in the circuit court of Buchanan County. [Compton v. City of Seattle, 38 Wash. 514; Lynch v. Railroad, 180 Mo. App. 169; Chapman. v. Railroad, 240 Mo. 592.]

From what we have said it is apparent that the proceeding in the circuit court was *res adjudicata* as to the defendant Land Construction Company and would be such as to the City of St. Joseph had the city pleaded such a defense in its answer, which it did not do. Under the circumstances the city is in no position to urge the matter. The evidence on the part of plaintiff shows that under the ordinance, plans and specifications supra the city provided for slopes to be placed upon plaintiff's land. The city not being in a position to take advantage of the proceeding in the circuit court wherein damages were assessed to the property owners affected, there is no justification shown in the record for its action. It is clearly liable for the trespass on plaintiff's land. [Section 8962, R. S. 1909; Dooley v. The City of Kansas, 82 Mo. 444; McGrew v. Paving Co., 247 Mo. 549, 562, 563; Clemens·v. Ins. Co., 184 Mo. 46; McGrath v. City of St. Louis, 215 Mo. 191.]

It was unnecessary for plaintiff to plead the ordinance for the reason that her cause of action was not founded upon the same. [Fisher v. Golloday, 38 Mo. App. 531, 538.] The ordinance was merely evidentiary. There was evidence to support plaintiff's claim for damages. She testified that she was damaged to the extent of $600. Plaintiff's testimony on the subject was general in its nature but no objection of any kind was offered by defendant city to her testimony, and we think it was sufficient to take the case to the jury on the question of damages. The proceedings in the circuit court were

ruled out by the lower court on the ground that they did not constitute a defense on the part of the Land Construction Company. There is no contention that they were not regular in every respect, so we have considered them in determining whether any recovery can be had against that defendant. We have determined that issue in favor of said defendant and consequently the judgment against the Land Construction Company is reversed, but it is affirmed as to the defendant, City of St. Joseph.

All concur.