GERTRUDE LEMON et al., Appellants, v. GARDEN OF EDEN DRAINAGE DISTRICT et al.

Division One, July 30, 1925.

1. **PUBLIC USE: Damages to Lands Not Taken: Payment in Advance.** Where no part of a tract of land; is taken for a public use and the owner's rights therein are not disturbed and damage to the property not taken is purely consequential, he is not entitled to have such damages ascertained and paid in advance of the prosecution of the proposed work, but he is left to his action at law to recover damages for the injury sustained.

2. ———: **Taking Part: Damages to Part Not Taken: Payment in Advance.** Where a part of the tract of land is taken for a public use, the owner is entitled to have his damages ascertained and paid in advance of the construction of any public work thereon, which will be the value of the land taken and also damages to the remainder not taken which will accrue to it by reason of the contemplated use of the part taken.

3. ———: **Drainage District: Damages for Lands Taken or Injured.** Under the Drainage Act (Secs. 4390 to 4405, R. S. 1919) and under the Missouri Constitution damages resulting from the taking of lands for the use of a drainage district are required to be found and paid in advance.

4. **DRAINAGE DISTRICT: Allowance for Land Taken: Subsequent Suit for Damages to Land Not Taken.** Where the drainage district, duly incorporated, has adopted a plan of reclamation which includes the ·construction of a certain levee, which will bisect an owner's land, leaving a part of it, between the levee and a river, exposed to overflow, and the commissioners have made their report allowing him damages for the land taken for the levee right of way, but none expressly for the consequential injury that may ac-

crue to the omitted land not taken, and the report has been confirmed, after proper notice and an opportunity to file exceptions have been given, the owner cannot by a separate suit recover such alleged consequential damages. His duty was to file exceptions to the commissioners' report, and have his consequential damages determined in that proceeding, which the law provides for him, and having neglected to do so his claim for consequential damages became *res adjudicata*. The proceeding was created by statute for the determination of all damages, and the judgment allowing damages for the land taken must be considered as embracing consequential damages, whether or not a claim for them was presented.

5. ————: Res Adjudicata: Demurrer. *Res adjudicata* is an affirmative defense, but if the petition attempts to state a cause of action in terms showing that such asserted cause was an inherent and integral part of a former cause of action or defense which resulted in a judgment, it is demurrable. A petition stating that a drainage district appropriated a part of plaintiff's land as a right of way for a levee and that he was by judgment allowed damages therefor, necessarily states that such judgment, by its very nature and the requirements of the statute, involved consideration and determination of his right to consequential damages to his land not taken that will arise from the construction of the levee, and on its face shows that his suit for such damages has been adjudicated, and is therefore demurrable.

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 2666, p. 737, n. 40. **Drains**, 19 C. J., Section 224, p. 724, n. 18. **Eminent Domain**, 20 C. J., Section 275, p. 840, n. 98; Section 288, p. 851, n. 98; Section 517, p. 1153, n. 14. **Judgments**, 34 C. J., Section 1322, p. 909, n. 31; Section 1491, p. 1056, n. 66.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Kitt & Marshall* for appellants.

(1)    The court erred in sustaining the demurrer to plaintiffs' petition. All allegations of substantive facts well pleaded in a petition are to be taken as true on demurrer. Meek v. Hurst, 223 Mo. 696; Donovan v. Boeck, 217 Mo. 83. (2)    When private property is taken and damaged for a public use just compensation must be

paid therefor, and until same is paid the property shall
not be disturbed or the proprietary rights of the owner
divested, there must be payment in advance of taking
possession.  Sec. 21, Art. 2, Mo. Constitution; Holmes v.
Kansas City, 209 Mo. 530.  When none of the property
of the citizen is taken and his proprietary rights are not
disturbed and the damage to his property is purely con-
sequential, he is not entitled to have his consequential
damages paid before the work is done.  Clemens v. Ins.
Co., 184 Mo. 46; Smith v. Sedalia, 244 Mo. 107; McGrew
v. Paving Co., 247 Mo. 549.  But where a part of the
property of the owner is taken for a public use, then the
owner is entitled to have his damages for his land ac-
tually taken and all damages to the remainder of his
property which may accrue by reason of the taking of
the part, and the construction of the improvements over
the part so taken, paid in advance.  McGrew v. Paving
Co., 247 Mo. 557; St. Louis v. Railway, 272 Mo. 93; Ates
v. Wills, 243 S. W. 188; Land Co. v. Kansas City, 239
S. W. 864; Kansas City v. Ward, 134 Mo. 172; Buchanan
v. Kansas City, 208 Mo. 274; State v. Hay, 44 Mo. 116.
(3)  All incidental, consequential and prejudicial dam-
ages which flow from the taking of land and the con-
struction, operation and maintenance of the improve-
ments are included in those mentioned in the Constitu-
tion.  Chapman v. Railway, 240 Mo. 600; McGrew v.
Paving Co., 247 Mo. 562; 20 C. J. 642, note 82, also 672;
St. Louis v. Brown, 155 Mo. 545; Bridge Co. v. Schau-
bacher, 57 Mo. 582; 10 R. C. L. pp. 127, 128-167; Van
De Vere v. Kansas City, 107 Mo. 83.  (4)  In condem-
nation for a right of way for levee the damages to the
whole tract or residue is a proper element of damages.
Secs. 4390, 4402, R. S. 1919; Levee & Drain. Dist. v.
Hicks, 224 S. W. 127; Jones v. Levee District, 183 S. W.
697; Doyle v. Railway, 113 Mo. 280; Brown v. Railway,
130 Mo. App. 205; Drain. Dist. v. Ham, 275 Mo. 384;
State ex rel. v. Taylor, 224 Mo. 482; Drain. Dist. v. Rich-
ardson, 237 Mo. 79.  In condemnation for right of way
of drainage district levee, damages to land left between

the levee and river is an element to be estimated in such proceedings. Drain. Dist. v. Ham, 275 Mo. 384. (5) When payment of damages is a condition precedent to taking possession of the property the condemning party will be restrained from taking possession of the property until payment is made. Carpenter v. St. Joseph, 263 Mo. 712; Stough v. Ry. Co., 226 S. W. 297; Paddock v. Sommers, 102 Mo. 240.; 14 R. C. L. secs. 49, 145; Myers v. Williams, 199 Mo. App. 21; Medley v. Berry, 143 Mo. App. 641; Cory v. Railway, 100 Mo. 282; 20 C. J. 1172; Versteeg v. Railway, 250 Mo. 61; Holmes v. Kansas City, 209 Mo. 573; Spurlock v. Doman, 182 Mo. 242; Provolt v. Railway, 57 Mo. 256; 10 R. C. L. sec. 193, p. 228; Ates v. Wills, 243 S. W. 187. Under the facts alleged in the petition injunction was a matter of strict right, not of equitable discretion. Ates v. Wills, 243 S. W. 188.

*F. C. Sasse* and *S. J. & G. C. Jones* for respondents.

(1)    The court did not err in sustaining the demurrer to the petition. R. S. 1919, sec. 4392; McCoy v. Board of Directors, 29 L. R. A. (N. S.) 396; Barnes v. Const. Co., 257 Mo. 175; State ex rel. Coleman v. Blair, 245 Mo. 680; Haefgen v. Harness, 47 N. E. 470; Lamb v. Reclamation Dist., 73 Cal. 125. The failure of plaintiffs to file exceptions to the report of the commissioners was a waiver of any further claim to damages. They were concluded by such failure. 19 Cyc. 704. (2) The demurrer was properly sustained by the trial court for the reason that all questions raised by the petition were properly before the circuit court when it decreed the incorporation of the drainage district and could have been properly adjudicated at that time. Therefore the rule *res adjudicata* applies. R. S. 1919, sec. 4393; Summit v. Realty Co., 208 Mo. 511; Cantwell v. Johnson, 236 Mo. 603; Lynch v. Railroad, 190 Mo. App. 169; Van Sickle v. Drainage District, 186 Mo. App. 563; 29 L. R. A. (N. S.) 396; Lamb v. Reclamation Dist., 73 Cal. 125.

(3)  Plaintiffs had an opportunity to assert their claim for damages when the report of commissioners was filed and notice of the filing given as required by law. Having failed to contest the commissioner's report they cannot now be heard to complain. R. S. 1919, sec. 4392; 19 Cyc. 704; Van Sickle v. Drainage District, 186 Mo. App. 563; Barnes v. Const. Co., 257 Mo. 175; State ex rel. Coleman v. Blair, 245 Mo. 680.  (4)  Plaintiffs are not entitled to relief by injunction.  They have an adequate remedy at law.  Barnes v. Const. Co., 257 Mo. 175; Bruntmeyer v. Squaw Creek Drain. Dist., 196 Mo. App. 360.  (5)  The petition is a mere collateral attack on the decree and judgment of the circuit court organizing and incorporating the drainage district.

LINDSAY, C.—A general demurrer was sustained to the petition of plaintiffs, who sought to enjoin the defendant drainage district and its supervisors, and the contractor, from constructing a levee, which, pursuant to the plan of drainage adopted, would bisect plaintiffs' lands, leaving part thereof between such levee and Grand River, and a part on the opposite side of the levee from Grand River.

The petition alleged that the defendant drainage district is a drainage corporation, incorporated by decree of the Circuit Court of Chariton County, under provisions of Article I, Chapter 28, Revised Statutes 1919; that part of the lands of plaintiffs were attempted to be included in said district, alleges ownership by plaintiffs of 210 acres of land; that the levee to be constructed will run north and south, upon the east side of Grand River, and will divide plaintiff's land, leaving eighty-five acres east of said levee and within said drainage district, and leavng 125 acres on the west side of said levee, and of said drainage district—that is, between said levee and said river; that plaintiffs' home and improvements are located on said 125 acres and that no means are provided under the plan adopted for connection between said lands so to be divided.

However, in setting forth the facts charged, those just indicated, and those as to the proceedings had by the circuit court and by the commissioners in the assessment of damages, we use the language of the petition, which upon that subject runs as follows:

"That defendant drainage district was organized for the purpose of drainage and leveeing certain lands in Chariton County, Missouri, in which district part of the lands of plaintiffs aforesaid were attempted to be included.

"Under the plan of reclamation adopted by said district for improving the lands in said district a large levee is provided and ordered constructed to prevent and keep the overflow waters from Grand River and other streams from coming on the lands in said district; a large part of the lands of plaintiffs aforesaid are and will be located and placed outside of said levee and between said levee and Grand River, and under the plan for reclamation as adopted by defendant drainage district the said levee will run north and south through plaintiffs' said lands aforesaid and divide said lands on each side of said levee, placing about eighty-five acres thereof on the inside and east of said levee and within said drainage district, and about 125 acres of plaintiffs' said lands, on which is situated and located the home and other improvements, on the outside and west of said levee and drainage district and between said levee and Grand River, with no means provided for connection between said lands so described.

"That by dividing and separating plaintiffs' lands as aforesaid, by the said proposed levee, plaintiffs' lands will be greatly damaged and depreciated in value; that the commissioners appointed to assess the value of lands to be taken for right of way of said levee and to assess the damages to the lands by reason of putting the plan for reclamation into effect did not consider or determine or find whether such lands of plaintiffs were damaged or not, nor did they allow plaintiffs or their said lands any prejudicial or consequential damages on account of

the construction of said levee over and across said lands
and the dividing of said lands as aforesaid, although
said lands will be, as stated aforesaid, greatly dam-
aged on account of said levee and the putting into opera-
tion the said plan for reclamation and the improvements
therein, the fact of such damages was not found or de-
termined by them either way; nor did the court in con-
firming said commissioners' report allow any such dam-
ages which will accrue to plaintiffs' said lands as afore-
said, nor did the court in rendering its judgment in con-
firming said commissioners' report hear any evidence
on the question of whether there were any such damages,
nor that fact presented to, heard, passed upon or deter-
mined by the court on the hearing and determination of
such report.

"Plaintiffs say the only damages allowed to plaintiffs
and their said lands on account of the constructing of
said levee and other improvements in defendant dis-
trict, was for the land actually taken for the right of way
for the said levee, but no prejudicial division or con-
sequential damages were considered or allowed by rea-
son of the constructing and location of said levee over
plaintiffs' said lands, when, as alleged, said lands will
necessarily be greatly damaged and the value depreciated
by reason of being so divided and cut into by said levee
and on account of the greater part and most valuable
land, with the improvements thereon, being placed out-
side of the levee and between the levee and the river; as
a result of which the said lands will be ruined for ag-
ricultural purposes and the market value thereof so
greatly reduced that it cannot be sold, in fact it will have
no market value or rental value whatever after said levee
and other improvements called for in said plan for re-
clamation adopted by defendant district is constructed
and put into operation."

After alleging that defendant, McWilliams Dredging
Company, under its contract with the defendant drain-
age district, is preparing to enter upon plaintiffs' land
to construct the levee, the petition continued: "Plain-

tiffs say that under the statute and laws under which the defendant drainage district was organized and is now operating, it was and is the duty of defendant district to provide for and pay not only for the land actually taken for the said levee but to also allow, provide for, fix and pay all the other damages which would accrue to plaintiffs' said lands by reason of the taking of said lands for said levee and other improvements therein.

"Plaintiffs say that under Section 21, Article II, of the Constitution of Missouri, it is provided that private property shall not be taken or damaged for public use without just compensation, and until such compensation shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.

"Plaintiffs say, under the said laws aforesaid and the above provision of the Constitution, that neither of the defendants can go in and on said lands of plaintiffs until the said consequential and prejudicial damages which will accrue to plaintiffs' said lands shall have been fixed and paid to plaintiffs; that not only the value of the lands taken shall be first fixed and paid, but also all the damages which will accrue to said lands shall be fixed, determined and paid before the said land or the proprietary rights therein, of plaintiffs, can be divested or taken.

"Plaintiffs say that if defendants or either are permitted to go on said lands of plaintiffs and construct said levee and other improvements thereon, as called for by the said plan for reclamation, irreparable injury and damage will be done to and accrue to plaintiffs' said lands."

Plaintiffs have brought the case here upon appeal on the theory that under the Constitution (Sec. 21, Art. II) damages resultant from the taking of their land for a public use must be ascertained and paid before their proprietary rights in the land are divested, or can be disturbed; that there are consequential damages incident to the taking and construction of the levee which have

not been assessed nor paid to them; that therefore, title has not passed, and that payment of all damages being a condition precedent to divesting the plaintiffs' right in the lands, and to the right of the district to take possession, the district, as the condemning party, may be restrained from taking possession until such damages are determined and paid. There is no allegation that the damages which were allowed have not been paid in for the use of plaintiffs.

Where no part of the property of the landowner is taken for a proposed public use, and his property rights therein are not disturbed, and the damage to his property is purely consequential, he is not entitled to have such damages ascertained and paid in advance of the prosecution of the proposed work. [Clemens v. Ins. Co., 184 Mo. 46; Smith v. Sedalia, 244 Mo. 107; McGrew v. Paving Co., 247 Mo. 549.] In such cases the landowner is left to his action at law to recover damage for the injury sustained. On the other hand, where a part of the property of the landowner is taken for a public use, he is entitled to have his damages ascertained and paid in advance; that is, compensation, which includes the value of the land taken, and also the damages to the remainder, accruing by reason of the taking of a part, and of its contemplated use for the purposes for which it is condemned. [Chapman v. Railroad, 240 Mo. 592; St. Louis v. Railroad, 272 Mo. 80; McGrew v. Paving Co., 247 Mo. 549-556; Doyle v. Railroad, 113 Mo. 280.]

Under the drainage law, as well as under the Constitution, damages resulting from the taking of lands for the use of a drainage district are required to be found and paid in advance. [Secs. 4390-4405, R. S. 1919; Drainage District v. Ham, 275 Mo. 384; State ex. rel. v. Taylor, 224 Mo. 481; Tarkio Drain. Dist. v. Richardson, 237 Mo. 70; St. Johns Levee & Drain. Dist. v. Hicks, 224 S. W. 127.]

The forum and the manner of proceeding therein for the ascertainment of the damages in condemnation of lands by defendant drainage district, are prescribed by

Article I, Chapter 28, Revised Statutes 1919. It is plain from a reading of the petition in this case that the sole basis of plaintiffs' claim is what the petition terms "consequential damages." The petition shows incorporation of defendant district, adoption of a plan of reclamation, and the proposed construction of a levee; that the levee bisects plaintiffs' land, leaving part out of the district and next to the river, and part within the district; that commissioners were appointed, acted, [and filed a report in the assessment of damages; that the report was confirmed by the circuit court, and judgment entered thereon; that by the report and judgment there was an allowance to plaintiffs of damages on account of the construction of the levee, "for the land actually taken for right of way for the said levee," followed by the further statement that "no prejudicial division or consequential damages were considered or allowed" by commissioners, or court. There is the statement that the commissioners did not "find whether such lands of plaintiffs were damaged or not," followed by the statement: "nor did they allow plaintiff or their lands any prejudicial or consequential damages." After that again appears the statement that the court did not allow "such damages," and that there was not any evidence as to whether there were "such damages." There is further the statement that the fact that there were consequential damages was not presented to, nor heard by the court. The petition offers no reason why such fact was not presented to the court. The petition alleges that there was allowance of damages for the land actually taken. It does not disclose why plaintiffs did not file exceptions to the report of the commissioners. But, in alleging that the fact or claim of consequential damages was not presented to the court, plaintiffs must be held to mean that in said proceeding, to condemn part of their lands for a levee and fix all compensation which they should receive therefor, they presented no fact and no reason why no greater compensation should be allowed than that for land actually taken for right of way.

The plaintiffs make no attack upon the jurisdiction of the court over the subject-matter, or over the parties, plaintiffs, or others. There is no allegation of irregularity except in the particular upon which it is sought to found this action. Since the petition alleges confirmation by the court of the report, we must assume that upon the filing of the report of the commissioners, property owners were notified thereof, and of their right to file exceptions, as is provided by Section 4391, Revised Statutes 1919. So much must be here presumed as to the action of the circuit court, a court of general jurisdiction. [23 Cyc. 1079.] The forum was provided, and the proceeding pending therein wherein plaintiffs were parties, and were required to litigate the very contentions which they make here. The ultimate purpose of the judgment was to authorize the taking of a part of plaintiffs' land, upon the condition of paying in advance of the actual taking, the price or sum fixed in the judgment. The petition shows such a judgment and shows there was an allowance of an amount to be paid. The essence of the contention here is that this sum, whatever it was, did not include consequential damages, and that the fact that there were consequential damages was not presented, and not considered. But, under what is said and what is left unsaid in this petition, we must hold that if the fact or claim for damages other or greater than the damages actually allowed, was not presented, it was through plaintiffs' own neglect or default in that regard. A party in the situation of a defendant in a proceeding, as these plaintiffs then were, must use the forum, and act in the proceeding, provided for the litigation of his contentions. It is urged here for plaintiffs that the defense of *res adjudicata* is an affirmative defense, and must be pleaded, and cannot be invoked under a general demurrer. That *res adjudicata* is an affirmative defense, is well settled. [Beattie Mfg. Co. v. Gerardi, 166 Mo. 142.] But, if the petition upon its face fails to state an unadjudicated cause of action, or, rather, as here, attempts to state a cause of action in terms showing that

such asserted cause was an inherent and integral part of a former cause of action, or defense, resulting in a judgment, then the petition is demurrable. [Givens v. Thompson, 110 Mo. 432; Kilpatrick v. Roberts, 278 Mo. 257.] Under the allegations of this petition there was an adjudication of the primary—the central matter—the right of the defendant district to take the strip of land to be occupied by the levee, and a price, or sum in compensation was fixed thereby. The proceeding resulting in the judgment, by its very nature, and by requirement of statute, involved consideration and determination of the amount of compensation, and of any element of damages appropriate to the circumstances. When the petition so shows the defense of *res adjudicata* arises upon the petition itself. The scope of such defense is thus stated in Donnell v. Wright, 147 Mo. l. c. 647: ''The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.''

. This statement of the law is set forth with approval in Spratt v. Early, 199 Mo. l. c. 501, and other authorities are cited in the opinion by Judge GRAVES to the same effect. This suit, in its essence and purpose, is upon an integral part of the same cause of action as that adjudged between defendant district and plaintiffs, by the circuit court, in its confirmation of the report of the commissioners, since it was upon the right to take a part of plaintiffs' land, and to fix the compensation to be paid therefor. The defense, which was pertinent to and involved in the issues there and was available to plaintiffs there, is attempted to be made the foundation for a claim for relief here. This cannot be done. We have considered the cases cited by counsel for plaintiffs upon the doctrine, that a former judgment is conclusive in a second action, only when the point raised was in issue, and was

adjudicated in the first suit. Those cases are not controlling here, because the point now raised and sought to be made the foundation of this action, was involved in the former proceeding, by its very nature and by statutory requirement, and might have been brought forward by plaintiffs, in that proceeding, by the exercise of ordinary diligence. The rulings made in Lynch v. Railroad, 180 Mo. App. 169, and Vansickle v. Drainage District, 186 Mo. App. 563, were made upon situations much like that disclosed by the petition in the case at bar, and were in harmony with what has been heretofore said. The doctrine is stated in many cases, as, in Summet v. Realty Co., 208 Mo. l. c. 511, where it is said: "Under the well-known rule of *res judicata* every question which properly belongs to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time, are included in the judgment, and it is as binding upon those matters as if they had been specifically put in issue. This rule is based upon the principle that a party must try his entire cause of action or make his entire defense in the same action, and will not be permitted to split up the cause of action or defense into several parts and litigate each separately, when all the matters properly and naturally relate to the subject-matter in litigation, and could properly and logically have been tried in the same cause; but this rule does not extend to matters which are wholly independent of and have no relation or connection with the subject of the litigation." Like statements are found in Garland v. Smith, 164 Mo. 22; Emmert v. Aldridge, 231 Mo. 124; Cantwell v. Johnson, 236 Mo. 603. Under the cases cited, and under the statements in this petition, the judgment of the trial court must be affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is hereby adopted as the opinion of the court. All of the judges concur.