LOUISE HEORATH, APPELLANT, v. J. WARREN HALPIN ET AL., RESPONDENTS.—60 S. W. (2d) 744.

Kansas City Court of Appeals. May 22, 1933.

*Reinhardt & Schibsby* and *McCune, Caldwell & Downing* for appellant.

*George Kingsley, J. C. Petherbridge, Marcy K. Brown, Jr.,* and *William F. Allen* for respondents.

BLAND, J.—This is a proceeding to foreclose a mortgage and to restrain defendant, Kansas City, from constructing a viaduct over and upon one of its public streets. The court rendered judgment foreclosing the deed of trust but sustained the city's demurrer to that part of the petition asking for an injunction. Plaintiff refused to plead further and judgment went against her. She has appealed. There was no appeal from that part of the judgment foreclosing the deed of trust.

The facts which plaintiff contends entitle her to an injunction are stated in the second count of the petition. This count alleges that plaintiff is the owner of a note in the sum of $1,500 and a deed of trust securing the same on certain property facing upon Oak street in Kansas City; "that for the purpose of obtaining the necessary right of way and easement for the construction and maintenance of Oak street viaduct, the city passed certain ordinances, under which

condemnation proceedings were filed in the Circuit Court of Jackson County; that the verdict of the condemnation commissioners and judgment of said circuit court was that the premises described would be damaged by such improvement and the use thereof in the sum of two thousand dollars ($2,000) so that the taking and/or damaging of the premises above described for such use would jeopardize and in a measure destroy the security of this plaintiff for the indebtedness she holds against said real estate as stated in the first count of this petition.

"Plaintiff further states that said city of Kansas City, Missouri, has not paid to her and has not tendered to her compensation for her interest in the said real estate, which is the amount of said mortgage indebtedness and interest thereon as stated in the first count of this petition, and has not paid the same into any court for her use and benefit, but is undertaking to take possession under the easement so acquired and construct a viaduct abutting said premises and materially above the street level thereof to the damage of this plaintiff.

"Plaintiff further states that the acts of said defendant, Kansas City, Missouri, are in violation of section XXI, article XI of the Constitution of the State of Missouri in that said defendant is undertaking to take and/or damage the property of plaintiff before they have paid plaintiff for her interest and ownership therein, or before they have paid into court for her use and benefit compensation for such property, and are in violation of article V of the Amendments to the Constitution of the United States in that said defendant is taking and/or damaging the property of plaintiff and her interest and rights therein for public use without just compensation;" that notwithstanding that plaintiff has not been compensated the city is proceeding to construct the viaduct in question, in violation of the Constitution of Missouri and the United States. The prayer of the petition is for an injunction enjoining the city from taking possession of the premises and of the easement sought to be acquired and from constructing the viaduct "until the rights and interest of this plaintiff have been paid for."

It is plaintiff's contention that the city cannot construct the viaduct thereby materially altering the street level in front of the premises upon which she has a deed of trust and thus interfering with ingress and egress to and from the property, without first paying for the resulting damages and, therefore, she is entitled to the injunction sought. In this connection plaintiff cites section 21, article 2 of the Constitution of Missouri, also, sections 128, 152, 169, 200, and 201 of the charter of Kansas City. Section 21 of article 2 of the State Constitution reads as follows:

"That private property shall not be taken *or damaged* for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three

freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. The fee of land taken for railroad tracks without consent of the owner thereof shall remain in such owner, subject to the use for which it is taken.'' (Italics ours.)

Prior to the year 1875, the provision of the Constitution we have quoted contained the identical words now therein except those in italics. The words ''or damaged,'' were inserted after the word ''taken'' in the Constitution of 1875, which is our present one. Prior to the adoption of the Constitution of 1875, there were many decisions in this and other states construing the word ''taken.'' That word was held to mean the actual appropriation of the physical property or the invasion of the land, itself, in such a way as to substantially oust the owner and deprive him of the beneficial enjoyment thereof and not to cover consequential damages to the property. The injury to the adjoining property owner by the construction, under lawful authority, of viaducts, embankments, railroads, street railways, and the like, in such a way as to interfere with light, air and passage to and from his property by means of the street upon which the construction was made, and all consequential damages, were considered *damnum absque injuria*. [Clemens v. Ins. Co., 184 Mo. 46; Spencer v. Railroad, 23 W. Va. 406; Bray v. Land Constr. Co., 203 Mo. App. 642, 645; Smith v. Sedalia, 244 Mo. 107, 124; Lemon v. Garden of Eden D. D., 310 Mo. 171, 179.] There is no allegation in the petition that the construction of the viaduct in question is not being made by lawful authority. The Supreme Court of West Virginia in the case of Spencer v. Railroad, supra, stated, l. c. 428:

''Until the year 1870 there was no Constitution of a single state in this Union, which gave the owner of an adjoining lot redress for such injury, no matter how grievous it might be. Thus in many cases private property was greatly damaged for the public use, and the owner of such property had no redress, though the Constitution of each State in the Union furnished him redress if his private property was *taken* for public use.''

In the case at bar it appears that the suit by the city had for its object the imposition of an additional servitude upon the land in the street, but it was held in the Spencer case that the fact that an abutting property owner owned the fee in the street, subject to the easement of the city, was a matter of indifference so far as the application of the word ''taken'' used in the Constitution is concerned. In other words, in cases of this kind, it makes no difference whether the abutting property owner owns the fee in the street or not.

That part of section 21, article 2, reading that ''and until the same shall be paid to the owner, or into court for the owner, the property

shall not be disturbed or the proprietary rights of the owner therein divested," has reference to the property actually appropriated or taken and not property adjoining or abutting that taken. (See cases last cited.)

In the case of McGrew v. Paving Co., 247 Mo. 549, 562, 563, the court said:

"To our mind the damages to be paid in advance, within the meaning of the Constitution, are those damages which arise from the taking of private property for public use, and these damages may be two-fold in character, i. e., (1) damages for that portion of the property actually taken for use, and (2) damages to the remainder of the property which may accrue by reason of the taking of the part, and the construction of the railroad or highway over the part so taken. In other words the Constitution has no reference, so far as payment in advance of damages is concerned, to such incidental damages as may accrue to the abutting lot owner for changing the grade of a street. Such party has his right of action against the city which has authorized by ordinance the change of grade, at such time as the consequent injuries become apparent and susceptible of reasonable ascertainment. This would not be in advance of the doing of the work upon the newly-fixed grade line. We therefore conclude that plaintiff is in error in his contention as to the meaning of this section of our Constitution, and that the trial court was in error in following the contention of plaintiff upon this point, as somewhat darkly appears from the giving and refusing of declarations of law in this case." [See, also, Tremayne v. City of St. Louis, 320 Mo. 120, 130 to 133 inclusive.]

Of course, we do not mean to say that, if it were the intention of the city to build the viaduct in such a manner that it would be impossible to get into the property at all, and for that reason it would be rendered practically useless, it could be said that there was no taking of property within the constitutional provision. [See Spencer v. Railroad, supra, l. c. 415, 443.] But there is no allegation of such a state of facts in the petition in this case.

We have examined the provisions of the charter cited by plaintiff and find that they do not place any greater burden upon the city than does the Constitution in reference to paying for property in advance of its appropriation. That part of section 169 that is pertinent reads as follows:

"The city shall not be entitled to the possession of any lot or parcel of property taken under the provisions of this article until full payment of the compensation therefor, as determined, be made, or paid into court for the use of the persons in whose favor such judgments may have been rendered, or who may be lawfully entitled to the same."

There is much controversy in the briefs as to whether the suit which the petition alleges the city prosecuted was a condemnation or a grading proceeding. Sections 200 and 201 appear in the article having to do with condemnations and seem to contemplate that the trial of such a suit as the city brought should be conducted as in condemnation cases and that the damages and benefits should be assessed as provided by the articles covering condemnation and grading cases, so far as applicable. However, it makes no difference whether the suit was instituted by the city under the condemnation or grading articles of the charter, the rules of law applicable to the point now before us are the same. Plaintiff is contending that, although no property was taken except an incorporeal hereditament, or the full enjoyment of the right of ingress and egress to the property abutting on the viaduct, she is entitled to compensation before the viaduct is constructed interfering with her property rights in the property. Under the authorities that we have cited there is no merit in this contention.

Of course, we do not mean to say that plaintiff has no remedy. According to the allegations of the petition her property has been *damaged* in the sense that word is used in the Constitution, but she has an adequate remedy at law against the city 'to recover such damages, providing she can establish sufficient facts to entitle her to recover. [Tremayne v. City of St. Louis, supra, l. c. 131; Clemens v. Ins. Co., supra, l. c. 61.]

In support of her contention that she is entitled to the injunctive relief plaintiff cites four cases, the first of which is Morgan v. Willman, 318 Mo. 151. That case involved the taking of the property and not damages to adjoining property. The same may be said of Holmes v. Kansas City, 209 Mo. 513. The case of Rourke v. Railroad, 221 Mo. 46, was a suit for damages. The petition in the case of De-Geofroy v. Merchants Bridge Terminal Ry. Co., 179 Mo. 698, prayed for both damages and an injunction. However, the court went no further than to say, l. c. 720, that plaintiff was entitled to damages.

The city has filed a motion to transfer this cause to the Supreme Court upon the ground that the construction of section 21, article 2 of the Constitution is involved. The petition does not raise any question requiring a construction of the Constitution, but the constitutional matter is so presented in the petition as to amount merely to an application thereof to the facts. Therefore, this court has jurisdiction. [Rourke v. Holmes St. Ry. Co., 181 S. W. 77.]

The judgment is affirmed. **All concur.**