HILL-BEHAN LUMBER COMPANY, a Corporation, Appellant, v. SKRAIN-KA CONSTRUCTION COMPANY, a Corporation, SCOTT WILSON, ARTHUR T. NELSON, H. B. PYLE, DULANY MAHAN and H. A. BUEHLER, constituting the State Highway Commission.—106 S. W. (2d) 483.

Division Two, June 21, 1937.*

*Jacob M. Lashly, Arthur V. Lashly* and *Frank E. Atwood* for appellant.

158

*Philip Wise, Louis V. Stigall* and *Wilkie B. Cunnyngham* for respondents.

TIPTON, J.—In the Circuit Court of St. Louis County, the appellant filed a petition asking that the respondents be enjoined from

proceeding to erect a viaduct in the middle of Page Avenue in that county until the damages, if any, which might result to appellant's abutting property were first ascertained and paid. After hearing the evidence, the trial court dismissed the appellant's petition and entered a judgment for the respondents. From that judgment, the appellant has duly appealed to this court.

The appellant's property is located west of the Wabash Railroad tracks, and on the north side of Page Avenue. On this property it conducts a wholesale and retail lumber and hardware business.

The testimony showed that Page Avenue had a 100-foot right-of-way; that the Public Service Commission of Missouri had ordered a separation of grade between the Wabash Railroad tracks and Page Avenue; that the viaduct when built would occupy a forty-two-foot roadway in the middle of that street; that from the outside of the viaduct to the appellant's property line there would be twenty-seven feet nine inches left on the old street level; that there were buildings or a board fence along the front of appellant's property on Page Avenue so that the only entrance to the property used by it for a lumberyard was through certain gates in the fence or doors in the buildings; and that when the viaduct was completed these entrances from Page Avenue on the old level would be retained.

It was also shown that the grade in front of the west part of appellant's property will not be changed, but the grade at the east boundary line will be raised twenty-four feet. On each side of the viaduct there will be a ramp on the same grade as the present street. These ramps will be between the viaduct and the sidewalk and will be approximately 15 feet wide.

The appellant contends that it will be almost impossible to get a large truck out of its property onto the street, while the respondent had testimony to the effect that a large truck could cross under the viaduct and reach Page Avenue by going west on the ramp south of the viaduct.

We think the evidence on this point is correctly summed up in a memorandum opinion of the trial court, which is as follows:

"I am not unmindful of the great interference and inconvenience which this viaduct will occasion the plaintiff in connection with the use of its property. As I have said above, the facts are clear in the minds of all who participated in the trial. The character of the property is commercial. The property to the east and west is likewise business property. This is a business location. Plaintiff has made large and expensive improvements which can be used for no other purpose than that presently conducted on its premises. The testimony is convincing that the ramps, which are provided for ingress and egress for plaintiff and its patrons, are not as satisfactory as the present situation and do not compensate for the loss of the present grade of Page Avenue. But the plaintiff does have means of

ingress and egress, though inconvenient and unsatisfactory. Its business will suffer because of the improvement.''

To sustain its position, the appellant does not rely upon any statute, but does rely solely upon Article 2, Section 21, of the Constitution of Missouri, which is as follows:

''That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. The fee of land taken for railroad tracks without consent of the owner thereof shall remain in such owner, subject to the use for which it is taken.''

The case presents this question: Under the above section, is the appellant entitled to have its damages assessed and paid prior to the building of the viaduct? The determination of this question depends upon whether the damage is direct or consequential. If the former, the answer is yes; if the latter, the answer is no. [Clemens v. Connecticut Mutual Life Insurance Co., 184 Mo. 46, 82 S. W. 1; McGrew v. Granite Bituminous Paving Co., 247 Mo. 549, 155 S. W. 411; Smith v. City of Sedalia, 244 Mo. 107, 149 S. W. 597; Lemon v. Garden of Eden Drainage District, 310 Mo. 171, 275 S. W. 44; Tremayne v. City of St. Louis, 320 Mo. 120, 6 S. W. (2d) 935; Blackwell v. City of Lee's Summit, 326 Mo. 491, 32 S. W. (2d) 63; State ex rel. Becker v. Wellston Sewer District, 332 Mo. 547, 58 S. W. (2d) 988; Heorath v. Halpin, 227 Mo. App. 984, 60 S. W. (2d) 744.]

''It is said in McGrew v. Granite Bituminous Paving Co., 247 Mo. 549, 562, 155 S. W. 411, 414, and the Blackwell case, supra, 326. Mo. l. c. 497, 32 S. W. (2d) l. c. 66, that *all* damages to which the constitutional provision refers are consequential except (1) those resulting from the actual taking of land; (2) and those occasioned to the remainder of a tract by the taking of a part thereof.'' [State ex rel. Becker v. Wellston Sewer District, 332 Mo. 547, l. c. 561, 58 S. W. (2d) 998.]

In other words, if there is an actual appropriation of a corporeal hereditament the damage is direct, but if the appropriation is of an incorporeal hereditament the damage is consequential.

The appellant contends there is a ''taking'' of his property in a constitutional sense, because ''there will be a *substantial* and material interference with and impairment of appellant's means of ingress and egress to its property.'' There will be no actual appropriation of the physical property of the appellant. It is true, as the trial court found, ''that the ramps, which are provided for ingress

and egress for plaintiff (appellant) and its patrons, are not as satisfactory as the present grade of Page Avenue. *But the plaintiff (appellant) does have means of ingress and egress, though inconvenient and unsatisfactory."* (Italics ours.) Even if the appellant's right of ingress and egress will be substantially and materially interfered with, under the above-cited authorities, the appellant is not entitled to the injunctive relief sought in this action.

Relying upon the following authorities, Williams v. Natural Bridge Plank Road Co., 21 Mo. 580; Thomas v. Hunt, 134 Mo. 392, 35 S. W. 581; Ashurst v. Lohoefner, 170 Mo. App. 327, 156 S. W. 805; and Tiffany on Real Property (2 Ed.), page.1527, paragraph 417, the appellant contends that it owns the fee to the center of Page Avenue, subject to the easement of the highway as it existed at the time of the filing of its petition. It is the appellant's contention that the building of this viaduct will be an additional burden or servitude and a new taking of its property, and will, therefore, come within the terms of this section of our Constitution. Whether it owns the fee to the center of Page Avenue is immaterial. The Kansas City Court of Appeals, in the case of Heorath v. Halpin, supra, 227 Mo. App. 984, 1. c. 987, 60 S. W. (2d) 744, 1. c. 745, decided against the appellant's contention, and we quote with approval what that court said on this point:

"In the case at bar it appears that the suit by the city had for its object the imposition of an additional servitude upon the land in the street, but it was held in the Spencer Case that the fact that an abutting property owner owned the fee in the street, subject to the easement of the city, was a matter of indifference so far as the application of the word 'taken' used in the Constitution is concerned. In other words, in cases of this kind, it makes no difference whether the abutting property owner owns the fee in the street or not."

We have come to the conclusion that it is evident that the damages suffered by the appellant in this case, if any, are purely consequential, as no part of the abutting property will be taken or physically touched.

We have examined the authorities relied upon by the appellant and find they do not sustain its contention.

In the case of Graden v. City of Parkville, 114 Mo. App. 527, 90 S. W. 115, the Kansas City Court of Appeals found that the changing of the grade of the street in question was done by a resolution of the city council instead of by an ordinance, as was authorized by law. Therefore, it was done without authority of law. In the case at bar, there is no contention that the building of the viaduct was not authorized by law.

The case of McElroy v. Kansas City, 21 Fed. 257, was a decision of the Federal Court. At the time that decision was rendered, the courts of this State had not passed upon this section of our Con-

stitution adopted in 1875. We have never cited this case with approval. If this question were now before a Federal Court, it would be the duty of that court to follow our construction of this section.

In the case of Knapp, Stout & Co. v. St. Louis Transfer Railway Co., 126 Mo. 26, 28 S. W. 627, this court held that while a city had the right to authorize a railroad to build a switch track in a street, if the switch track was so constructed that it made other traffic impossible then it was a public nuisance; also, if, as built, it prohibited an abutting property owner from using the street it was a private nuisance to the property owner, and as the injury inflicted upon the property owner was permanent it was a case calling for equitable relief. In the case at bar the ingress and egress to appellant's property will be interfered with but will not be made impossible.

Appellant also relies on cases from Tennessee, Oklahoma, Arizona, and Texas. We have examined these cases and see no reason for departing from the rule announced in Clemens v. Connecticut Mutual Life Insurance Company, supra, where we followed the courts of West Virginia, Colorado, Illinois, and Louisiana. We have consistently followed the Clemens case down to the last reported case on this subject, State ex rel. Becker v. Wellston, supra.

It follows from what we have said that the appellant is not entitled to the injunctive relief sought in this action, as it has an adequate remedy for any damages it may have sustained. The judgment of the trial court is therefore affirmed. All concur.